## THE EXCELSIOR FORK COMPANY *v.* LUKENS.

ATTACHMENT.—*Practice.—Answer in Bar.—Trial.*—An attachment under our statute is not an independent proceeding, but one merely in aid of the action in which it is issued. An answer in denial of the ground of attachment stated in the affidavit for the writ is in bar of the proceedings in attachment, and need not be sworn to, and presents an issue to be tried with the other issues in the case.

APPEAL from the Marion Common Pleas.

WORDEN, C. J.—The appellant sued the appellee upon an account. She also instituted proceedings in attachment against the defendant, on an affidavit stating the nature, amount, and justice of the claim, and that the defendant had sold, conveyed, or otherwise disposed of his property subject to execution, with the fraudulent intent to cheat, hinder, and delay his creditors. Issues were formed on the cause of action, and a denial, without oath, filed of the facts stated in the affidavit for attachment. The plaintiff moved to strike out the answer denying the affidavit in attachment; but the motion was overruled and exception taken. Trial by jury, verdict and judgment for the plaintiff on her claim against the defendant, and for the defendant on the issue joined on the proceedings in attachment.

The appellant seeks to reverse the judgment against her on the proceedings in attachment, because the answer denying the affidavit was not sworn to. The position assumed is that the answer denying the affidavit was an answer in abatement of the writ of attachment, and should, therefore, have been sworn to.

An attachment, under our statute, is not an independent proceeding, but one merely in aid of an action commenced concurrently with or before the proceedings in attachment. The object of it is to secure a lien upon the defendant's property for the payment of any judgment which the plaintiff may recover in the main suit against him, or which any other party or parties may recover who file their claims under the proceeding. We quote the following section of the statute:

"The plaintiff, at the commencement of an action, or at any time afterward, may have an attachment against the property of the defendant, in the cases and in the manner hereinafter stated:

"Where the action is for the recovery of money,

"1. [Where] the defendant, or one of several defendants, is a foreign corporation, or a non-resident of this State;

"2. Where the defendant, or one of several defendants, is secretly leaving or has left the State with intent to defraud his creditors; or

"3. So conceals himself that a summons cannot be served upon him; or

"4. Is removing or about to remove his property subject to execution, or a material part thereof, out of this State, not leaving enough therein to satisfy the plaintiff's claim; or

"5. Has sold, conveyed or otherwise disposed of his property subject to execution, or suffered or permitted it to be sold, with the fraudulent intent to cheat, hinder, or delay his creditors; or

"6. Is about to sell, convey, or otherwise dispose of his property, subject to execution, with such intent." 2 G. & H. 137, sec. 156.

Before a writ of attachment can issue, the plaintiff, or some one in his behalf, must make an affidavit, showing, first, the nature of the plaintiff's claim; second, that it is just; third, the amount which he believes the plaintiff ought to recover; fourth, that there exists in the action some one of the grounds for an attachment above enumerated. *Id.* 139, sec. 159.

The writ of attachment issues, as a matter of course, upon the making of the proper affidavit and the execution of a bond, as required by the statute. But still a plaintiff is not entitled to the benefit of proceedings in attachment unless one of the six grounds therefor, as specified in the statute, exists. Hence, the defendant may deny the existence of the ground of attachment as stated in the affidavit; and when this is done, the issue joined thereon must be tried with the

issues in the principal cause.   *Foster* v. *Dryfus*, 16 Ind. 158; *Fleming* v. *Dorst*, 18 Ind. 493.

When such answer of denial is filed, we think it is in bar of the proceedings in attachment, and not in abatement of the writ.   The writ may have been entirely regular, and have performed all its functions; still, unless the statutory ground for issuing it existed, the plaintiff is not entitled to any benefit of the proceedings under it.   Such answer does not attack the regularity or validity of the writ, as such, but only puts in issue the fact, upon the existence of which the right to issue it depends.   Such answer does not give the plaintiff any better writ, but denies that the case is such as authorizes any writ.

This question was somewhat considered, but not finally decided, in the case of *Bradley* v. *The Bank, etc.*, 20 Ind. 528. Since that case, we are not aware that the question has arisen.

The answer in question, being an answer in bar, need not have been sworn to.   There was, consequently, no error in the ruling below.

The judgment below is affirmed, with costs. *

*L. Barbour, C. P. Jacobs*, and *C. W. Smith*, for appellant.

*E. T. Johnson*, for appellee.

* Petition for a rehearing overruled.