41 356
132 472
41 356
152 630

————————●————————

## THE STATE, EX REL. MATTHEWS, *v.* CHASE ET AL.

INTERLOCUTORY ORDERS.—*Appeals.*—*Supersedeas.*—*Attachment.*—The section of the code authorizing appeals from interlocutory orders, which requires an appeal bond to be filed when the appeal is taken, does not require any additional bond in order to suspend the proceedings for thirty days; but an appeal from an order of injunction does not allow a party to do an act, which by

The State, *ex rel.* Matthews, *v.* Chase *et al.*

the injunction he is forbidden to do. The stay of proceedings upon the appeal is peculiarly applicable to other classes of cases mentioned in the section. The arrest of a party for disobeying an order of injunction, within thirty days after appeal, and after the issuing of an ordinary supersedeas, is not an act in disregard of the authority of the Supreme Court. An ordinary supersedeas is not appropriate in such a case.

DOWNEY, J.—This is a petition for a mandate, filed originally in this court. The facts stated in the petition are, that on the 18th day of March, 1873, Judge Chase, of the Cass Circuit Court, in vacation, awarded a temporary injunction against Matthews, at the suit of Dutton. From this order of the judge granting such injunction, Matthews immediately appealed to this court. On the 24th day of March, 1873, the transcript was filed in this court, and on the same day a *supersedeas* was ordered, by one of the judges of this court, in the usual conditional form, but no bond, other than the bond filed when the appeal was granted, has since been filed. It is alleged that, by virtue of the statute, such appeal operated as a stay of proceedings for thirty days, which time has not yet expired; that, notwithstanding said appeal and *supersedeas* so granted, Judge Chase, wrongfully and without jurisdiction, issued an order causing the relator to be arrested for contempt of his court, for an alleged disobedience of said injunction, when in truth said injunction was no longer in the Circuit Court of Cass county, but was in the Supreme Court, and ordered the relator to be committed to jail or give bond to answer the contempt and to save said Dutton from any damage in the premises, which bond he, on the 25th day of March, 1873, gave, with security to the satisfaction of the sheriff of said county, and which is ample to secure said Dutton against any damages he may sustain in the premises, if the said injunction order shall be approved in this court. He further states that on the 4th day of April, 1873, notwithstanding said Chase first examined said *supersedeas* issued by this court, he caused another and further order to issue, in violation of law and of said *superse-*

*deas,* and in contempt of the authority of this court, commanding the defendant, William J. S. Manly, sheriff, etc., to seize upon the store of this affiant, lately occupied by Dutton & Matthews, and now belonging to James Matthews, the affiant, and hold the same, and exclude the relator therefrom; by virtue of which order the sheriff has seized upon affiant's said store, to his great damage, etc. He further says that he is not in contempt of the said Cass Circuit Court; that he is simply doing what he believes he has a legal right to do, having taken all necessary steps to bring the case to a hearing in this court; that all of said orders have been issued without any preliminary bonds, and within the thirty days prescribed by statute as a stay of proceedings upon his appeal. He further alleges that the granting of the injunction was erroneous, as appears by his assignment of errors upon said transcript, and that each of said orders has been made *ex parte,* and without any notice whatever to him, and without giving him any opportunity to be heard. He also alleges that he is a clergyman, and now and for four years last past a resident of Logansport, etc., and that said orders have been procured by said Dutton maliciously and for the purpose of injuring his character and standing in said city, and to obtain an unjust demand from him; that he has, in the premises, acted in good faith and under the advice of his counsel, and with no intention of violating law, and he says that his bondsmen are ample and good to secure said Dutton in all damages of every kind which he may obtain in the premises.

The prayer of the petition is, that there may be awarded from this court a writ of mandate, directed to the said Chase, the judge, etc., and Manly, the sheriff, etc., commanding them to obey the said *supersedeas,* and that until the appeal is determined by this court, said Chase, judge of said court, and Manly, as such sheriff, may be by mandate compelled to desist from further molesting him, and prohibited and enjoined from taking any further steps in the premises, either in the said arrest for said alleged contempt, or in the seizure

of his goods; that his said stock of goods may be restored to him, and that the said sheriff be enjoined and prohibited from enforcing said writ or order above described, and that he may have all proceedings, either by said judge or sheriff, suspended, stayed, and prohibited by said mandate, until the said appeal shall be determined. Dutton is made a party, and the same relief is asked against him.

It appears from documents referred to in the petition, that Dutton and Matthews were partners in the business of selling books, stationery, etc.; that the co-partnership was afterward dissolved; that Dutton filed his complaint, alleging that he was owner of one-half of the goods, etc.; that Matthews had excluded him from any voice or share in the management of the store, etc., and was selling the partnership goods, etc.; wherefore he asked an injunction, the appointment of a receiver, etc. After the granting of the injunction, and the taking of the appeal from the order granting the same, Matthews again engaged in selling the partnership goods, etc., and on affidavit of this fact, he was, by order of the judge, attached for contempt of the authority of the court in disregarding the injunction, and when he had entered into a recognizance to answer for the contempt, etc., and was discharged, he again renewed the sale of the partnership property, etc., in disregard of the injunction. The court, upon being informed of this fact by affidavit, issued, at the request of Dutton, what is denominated a writ of assistance, by virtue of which the sheriff took possession of the goods, etc., and now holds them.

Without stopping to discuss questions with reference to the form of the remedy, counsel have argued the question as to the effect of granting the injunction, and have asked us to decide that question alone. Counsel for the petitioner contend that when the appeal from the order granting the injunction was perfected, the efficacy of the injunction was at once destroyed, and that, although the party enjoined went on to do the very act which the injunction forbade him to do, the court could not, during the pendency of the

appeal in this court, and within the thirty days, enforce obedience to and respect for the injunction; that by the appeal, the order for the injunction is no longer in the circuit court, but is removed to this court, and that the power to compel obedience to the same, if vested anywhere, is in this court. Counsel for the defendant herein, on the contrary, insists that the order for the injunction, notwithstanding the appeal, remains in full force and effect, and that the party enjoined cannot legally do the act which he was forbidden by the injunction to do.

This is a question of interest, and not without difficulty. The section of the code relating to appeals from interlocutory orders is as follows: "Appeals to the Supreme Court may be taken from an interlocutory order of any court of common pleas, or circuit court, or judge thereof, in the following cases: First. For the payment of money; to compel the execution of any instrument of writing, or the delivery or assignment of any securities, evidences of debt, documents, or things in action. Second. For the delivery of possession of real property, or the sale thereof. Third. Granting or dissolving, or overruling motions to dissolve, an injunction in term, and granting an injunction in vacation. Fourth. Orders and judgments upon writs of *habeas corpus*, made in term or vacation." 2 G. & H. 277, sec. 576.

The next section provides the mode of taking and perfecting the appeal. Sec. 578, p. 278, is as follows: "Such appeal shall not stay proceedings upon the order more than thirty days, unless the Supreme Court in term, or some judge thereof in term or vacation, shall otherwise order."

The *supersedeas* granted in the case to which reference is made in the petition was the common form of *supersedeas* adapted to cases where no appeal has been taken and bond filed in the court below, as contemplated by section 562 of the code. Such a *supersedeas* contemplates the giving of a bond after it has been issued. The section last cited provides, that the court or judge shall, at the time of making the order, direct that the appellant give bond to the appellee,

The State, *ex rel.* Matthews, *v.* Chase *et al.*

with condition that he will duly prosecute his appeal, and abide by and pay the judgment and all costs which may be rendered or affirmed against him. Accordingly, the form commonly used, and that which was used in this case, directs that execution and other proceedings on the judgment be stayed, "whenever the appellant shall have given bond according to law." As the appeal from an interlocutory order can only be taken at the term of the court when the order is made, or if made in vacation, at the time the order is made, or during the next term of the court, a bond must always be executed and filed when the appeal is taken, or within such time as the court may direct; and there is no provision in the code authorizing an appeal in such cases by obtaining a transcript and filing it in this court, etc., as contemplated in other cases, according to section 556 of the code. We conclude that the stay of proceedings beyond the thirty days, provided for by the 578th section of the code, is special in its nature; that it is made upon a proper showing, and in a proper case, without the execution of any bond other than that given when the appeal was taken, and that the *supersedeas* granted in this case was not such as was adapted to the case. So far, then, as the petition relies upon the acts done as being in violation of the *supersedeas*, and for that reason in contempt of the authority of this court, it has no foundation on which to rest.

The fact remains, however, that the appeal was taken from the order granting the injunction, and the proper appeal bond was given. The acts of the appellant which are relied upon as in violation of the injunction were done within the thirty days from the taking of the appeal. What effect had the appeal upon the order granting the injunction? In our opinion, it did not have the effect to authorize or allow the party to do the act which by the injunction he was forbidden to do. The general theory of injunctive relief, except so far as our code has changed the doctrine, is that some act is about to be done by the defendant which will result in such injury to the complaining party as cannot be compensated

in damages that can be recovered in an ordinary action at law. If the party enjoined can, by appealing, go on and do the act which will result in the irreparable damage, compel the party who has obtained the injunction to seek his redress in an action for damages on the appeal bond, there would seem to be no material advantage in obtaining an injunction in such a case against such injurious act. The same would be true in every case where, by the code, an injunction is authorized. If it be said that the party obtaining the injunction must rely upon the remedy on the appeal bond, and allow the party enjoined to go on and do the injurious act, may it not, with greater force, be said that the party enjoined must rely upon his remedy on the injunction bond, and refrain from doing the act? It is probable that, as a general rule, less harm will result to the party enjoined from refraining from doing an act, in obedience to an injunction forbidding it, than would result to the party obtaining it from the doing of the act from which the irreparable damage is apprehended. As one of the parties must rely upon a bond for his security and indemnity, we can see no good reason for saying that it shall be the obligee in the appeal bond, rather than the obligee in the injunction bond.

But it is contended that the appeal stays proceedings upon the order. This is true, but not in such sense as to allow the party enjoined to do the act which he has been forbidden by the injunction to do. See *Burton* v. *Burton*, 28 Ind. 342, and *Nill* v. *Comparet*, 16 Ind. 107. Strictly, in most cases, there are no further proceedings upon an order for an injunction. With reference to some of the other matters in other clauses in section 576, this is not true. If the order be for the payment of money, or for the delivery of the possession of real property, for instance, there is something to be done by the party against whom the order is made, and in such cases the appeal does stay proceedings upon the order. The court which made the order cannot, in the one instance, compel the payment of the money, or in the other, the delivery of the possession of the land, during the time

The State, *ex rel.* Matthews, *v.* Chase *et al.*

of the stay. It is to such cases that the provision for the stay of proceedings upon the order is peculiarly applicable. If the defendant will not observe the injunction, will not refrain from doing the injurious act, and it becomes necessary for the court to enforce obedience to it, in consequence solely of the wrongful act of the defendant, it cannot, in any true sense, be said that this is a proceeding upon the order. It is the defendant who is attacking the order and refusing to allow the matter to remain as when the appeal was taken. The court is simply compelling him to respect the order and allow it to stand as made. We cannot adopt the theory that by the appeal the order made is no longer in the circuit court, but is transferred to this court. The original order, and the original papers upon which it was made, remain in the circuit court. Only a transcript of them comes to this court. The judge of the circuit court had the power to award the attachment for a violation of the injunction, in vacation, upon a proper showing by affidavit. 2 G. & H. 136, sec. 149, *et seq.*

As to the writ of assistance, we decide nothing. If it is illegal, perhaps a motion should be made, in the first place, in the circuit court to set it aside, and restore the property taken under it. The charge in the petition that the proceedings have been actuated by malice may be more appropriate in a complaint for malicious prosecution.

The motion for the mandate is overruled, at the costs of the plaintiff.

OSBORN, J.—I cannot concur with the majority of the court in their conclusion as to the effect of an appeal from an order of injunction.

The section of the statute declaring the effect of the appeal upon proceedings upon interlocutory orders is general, and in terms applies to all that may be appealed from. The fact that one requires and another prohibits action, in my opinion, can make no difference. The statute makes no distinction. That, in effect, declares that the appeal shall

stay all proceedings upon the order for thirty days, without any order from the Supreme Court or a judge thereof, and longer, if such court or judge shall so direct.

Proceedings upon the order must be some act predicated upon it to enforce obedience to its commands. Disobedience, in one case, would consist in not doing what the order commanded should be done; in the other, in doing what it prohibited from being done. And although the appeal does not dissolve the injunction, it does, in my opinion, under section 628 of the code, stay proceedings upon it for thirty days.

I appreciate the effect that the appeal, under the statute, may in some instances have upon the remedy of the party obtaining the injunction; still, on the other hand, the party enjoined will often suffer irreparable injury unless his appeal shall operate as a stay of proceedings upon the order. At any rate, I think the statute contemplates such stay.

*D. P. Baldwin* and *M. Winfield*, for plaintiff.

*D. Turpie*, for defendants.