## McGuirk v. Cummings.

ATTACHMENT.—*Pleading.*—*Practice.*—*Trial.*—An answer of general denial of the allegations of the complaint and affidavit in an attachment proceeding need not be sworn to. And in such case, if no evidence to support

McGuirk v. Cummings.

the allegations of such affidavit is offered on the trial of the cause, judgment on the attachment should be rendered for the defendant.

From the Floyd Circuit Court.

*M. C. Kerr* and *W. J. Hisey*, for appellant.

*A. Dowling*, for appellee.

PERKINS, J.—Suit by appellant, who was the plaintiff below, against the defendant, on a note and an account. Each paragraph of the complaint alleged the non-residence of the defendant. The complaint was verified, but no separate affidavit for an attachment was filed.

A summons for the defendant and a writ of attachment were issued. The attachment was levied upon property. The defendant appeared and answered as follows:

"The said defendant denies each and every allegation of the complaint and of the affidavit in attachment." The case was submitted to the court for trial, and the court found for the plaintiff on the claim sued upon, and for the defendant on the attachment, and rendered judgment for the plaintiff on his claim, and for the defendant on the attachment. No evidence was offered to prove the non-residence of the defendant. Proper exceptions were taken and a motion made preliminary to an appeal, which was taken by the plaintiff, from the judgment in the attachment proceedings. The ground of that motion was, that the answer, not being verified, admitted the truth of the affidavit for attachment.

In the *Excelsior Fork Company* v. *Lukens*, 38 Ind. 438, it is decided that "an attachment, under our statute, is not an independent proceeding, but one merely in aid of the action in which it is issued. An answer in denial of the ground of attachment stated in the affidavit for the writ is in bar of the proceedings in attachment, and need not be sworn to, and presents an issue to be tried with the other issues in the case."

The decision was not hastily made, as we infer from

the fact that it was reaffirmed by overruling a petition for rehearing. The case is decisive of the one now before us.

The judgment is affirmed, with costs.