## RANDLES *v.* RANDLES.

APPEAL.—*Supreme Court.—Practice.—Partition.*—Under section 626 of the practice act, an appeal lies to the Supreme Court, from the judgment of the circuit court, decreeing the partition of lands.

SAME.—*Appeal Bond merely Stays Execution.*—Where, on such appeal, an appeal bond is duly filed, the only effect is to stay execution for costs.

SAME.—*Recovery of Partitioned Land, during Pendency of Appeal.*—One to whom land has been duly set off and conveyed, pursuant to a decree of partition, may recover possession thereof from a co-party in such partition suit, who holds without authority from the former, even during the pendency of an appeal by the latter, to the Supreme Court, from such judgment, and even though an appeal bond has been filed.

From the Tippecanoe Circuit Court.

*G. S. Orth, G. O. Behm, J. Park* and *A. O. Behm,* for appellant.

*J. M. Larue* and *F. B. Everett,* for appellee.

HOWK, C. J.—In this action, the appellee sued the appellant, to recover the possession of certain real estate, particularly described, in Tippecanoe county, and damages for being kept out of the possession thereof.

The appellant answered the appellee's complaint by a general denial thereof.

A trial of the cause by the court, at its May term, 1877, resulted in a finding and judgment for the appellant, the defendant below. Afterward, at the same term of the court, upon the appellee's payment of all

costs accrued and upon her written petition for a new trial as of right under the statute, an order was made for the vacation of the judgment rendered, and granting her such new trial.

At the November term, 1877, of the court, before the Hon. Thomas F. Davidson, as special judge thereof, the issues joined in this cause were again tried by the court, and, at the appellant's request, the court made a special finding of the facts and of its conclusions of law thereon as follows :

" The court finds the following to be the facts :

" 1. Peter Randles died in March, 1875, seized in fee-simple of the premises in controversy, leaving plaintiff as his widow.

" 2. That, on the 12th day of July, 1875, Benjamin Randles and others, heirs of Peter Randles, brought in the circuit court of Tippecanoe county, Indiana, an action for the partition of the lands in said county, of which said Peter Randles died seized, making the plaintiff in this action a defendant thereto.

" 3. That such proceedings were had as resulted in a final decree of partition, in which decree the premises in controversy were set off to the plaintiff herein, in severalty, as a portion of her share of the lands of which Peter Randles died seized, and Frank B. Everett was, by the court, in said decree, appointed a commissioner to make plaintiff a deed for the premises so decreed her in severalty; and that, on the 24th day of January, 1877, the said commissioner, by deed in proper form, conveyed the premises to plaintiff, which deed was, on the 26th day of January, 1877, duly approved by the court, and by the commissioner delivered to the plaintiff.

"4. That, immediately upon the rendition of said decree, the plaintiffs in said partition proceeding prayed an appeal to the Supreme Court, which prayer the court

granted and required the plaintiffs to file an appeal bond in the sum of five hundred dollars, with good and sufficient surety therein, to be approved by the court.

"5. That, on the 30th day of January, 1877, the plaintiffs in said partition proceedings filed with the clerk of said court an appeal bond in said cause, with surety therein, conditioned that said plaintiffs should duly prosecute their appeal, and abide by and pay the judgment and costs rendered or affirmed against them; that, on the same day, the court approved said bond, by an entry of the record to that effect.

"6. That, on the 22d day of March, 1877, the plaintiffs in said partition cause filed, in the office of the clerk of the Supreme Court of Indiana, a duly certified transcript of the proceedings of the Tippecanoe Circuit Court therein, with assignment of errors properly endorsed thereon, and that said appeal is still pending in the Supreme Court.

"7. That said cause was submitted in the Supreme Court, on the 30th day of May, 1877, and the appellants' brief filed on the 10th day of July, 1877.

"8. That defendant is a son of Peter Randles, and in February, 1874, at the request of his father, defendant went into possession of the premises in controversy, with the agreement that he was to farm the land and pay rents in kind, while he desired to stay thereon; that no other or more definite contract was made between the defendant and his father; that defendant has been in possession since February, 1874, and was one of the plaintiffs in the partition proceedings; that defendant is still in possession, and does not now and never has recognized the plaintiff as his landlord.

"9. That the defendant has detained the possession of the premises from the plaintiff for seven months, and that the rental value thereof, during that time, is $105.00.

"And the court finds, as its conclusions of law from the foregoing facts:

"1st. That the decree in the partition invested the right of occupancy, in severalty, of the premises in controversy ;

"2d. That the plaintiff became the owner, in severalty, of the premises in controversy, in January, 1877 ;

"3d. That the relation of landlord and tenant has at no time existed between the plaintiff and the defendant;

"4th. That, as between the plaintiff and the defendant, the plaintiff was entitled to the possession of the premises in controversy, when this action was commenced.

" 5th. That the appeal to the Supreme Court is no bar to this action ;

" 6th. That the plaintiff is entitled to recover the possession of the premises in controversy, and $105.00 as damages for the detention thereof."

The appellant excepted to the court's special findings of fact and conclusions of law, and his motion for a new trial having been overruled, and his exception entered to this ruling, judgment was rendered by the court, upon and in accordance with the facts found and its conclusions of law thereon.

The evidence is not in the record, and therefore the only question presented for the decision of this court is this : Upon the facts found, did the court below err in its conclusions of law? Before considering this question, it may be properly remarked, that, in the partition suit wherein the court found an appeal had been taken from the judgment of partition, and submitted to this court on the 30th day of May, 1877, such proceedings were had on such appeal, as that such judgment was in all things affirmed by the judgment of this court, at its November term, 1878. The opinion and judgment of this court, in that case, are reported under the name of *Randles* v. *Randles*, 63 Ind. 93.

The real question for decision in this case, as it seems to

us, may be thus stated: What was the legal effect of the appeal from the judgment of the circuit court, in the partition suit, awarding the lands in controversy in this action to the appellee in severalty, to this court, and the filing of an appeal bond on such appeal, conditioned that the appellants therein would duly prosecute their appeal and abide by and pay the judgment and costs rendered or affirmed against them therein? Did such an appeal, with such a bond, operate to suspend or stay the rights of the appellee to the lands awarded her, in severalty, by and under the judgment in the partition suit? If such were the legal effect of the appeal and the appeal bond, in the partition suit,—if their operation was to suspend and stay the rights of the appellee to the lands awarded her by the judgment in the partition suit, until such appeal had been finally determined by this court,—then it must be manifest that the appellee commenced this action for the recovery of such lands prematurely, and that the court erred in its conclusion of law, that, as between the appellant and the appellee, the latter was entitled to the possession of such lands when she commenced this action.

The act entitled "An act concerning the partition of lands," approved May 20th, 1852, contains no provision whatever for any appeal to this court from the judgment of the circuit court, in an action for the partition of real estate. In section 626 of the practice act, which was approved June 18th, 1852, and was a later law than the act concerning the partition of lands, it is provided, however, that "Actions may be brought for the partition of lands, tenements and hereditaments, held or possessed by joint tenants, or tenants in common, in all cases; and the pleadings and practice in such actions shall conform to the provisions of this act." 2 R. S. 1876, p. 257. It would seem to be clear, from the provisions of this section, that an appeal would lie to this court from the final judgment of the

circuit court in suits for the partition of real estate, and that, in relation to such appeal, the practice must conform to the provisions of the practice act, governing appeals in other civil actions. In section 555 of the practice act, it is provided that "When an appeal is taken during the term at which the judgment is rendered, it shall operate as a stay of all further proceedings on the judgment, upon an appeal bond being filed by the appellant, payable to the appellee, with condition that he will duly prosecute his appeal, and abide by and pay the judgment and costs which may be rendered, or affirmed against him, with such penalty and surety as the court shall approve," etc. 2 R. S. 1876, p. 240.

In the case of *Nill* v. *Comparet*, 16 Ind. 107, it was decided by this court, long after the practice act of June 18th, 1852, became a law of this State, that the only effect of an appeal to this court, when perfected, was to stay execution upon the judgment from which it was taken, and that, in all other respects, the judgment, until annulled or reversed, was binding upon the parties as to every question directly decided therein. The doctrine of the case cited has never been doubted by this court, but has been approved and followed in a number of more recent cases. *Burton* v. *Reeds*, 20 Ind. 87; *Burton* v. *Burton*, 28 Ind. 342; *The State, ex rel.*, v. *Chase*, 41 Ind. 356; *Walls* v. *Palmer*, 64 Ind. 493.

The final judgment in a partition suit, in so far as it awards to each of the parties interested his or her share, in severalty, of the real estate in controversy, is self-executing; it requires no execution, that far forth, to enforce the terms of the judgment, but the rights of the parties, in severalty, are thereby fixed and absolutely determined, without process thereon of any kind, unless and until the judgment should be annulled, reversed or set aside. It is very clear, therefore, that the appeal of the appellant and his co-appellants, in the partition suit, from the judgment

of the circuit court therein to this court, although such appeal had been duly perfected by the filing of the requisite appeal bond, did not in any manner affect or change the rights, in severalty, of the parties to such suit, in and to the lands assigned to them respectively, by the terms of such judgment; but, notwithstanding such perfected appeal, each of the parties to such suit, as between him or her and the other parties, owned and held the lands assigned to him or her, in severalty, in and by such judgment, until the same should be reversed or annulled. In other words, it seems to us, that the only effect of the filing of the appeal bond, on the appeal to this court from the judgment of the circuit court in the partition suit, was to stay execution upon the judgment for the costs of such suit, until such appeal was determined; and that in all other respects the judgment, until annulled or reversed, was binding upon the parties thereto, as to every question directly decided therein. Freeman Judgments, sec. 328: *Cole* v. *Connolly*, 16 Ala. 271; *Allen* v. *The Mayor*, etc., 9 Ga. 286; *Harris* v. *Hammond*, 18 How. Pr. 123; *Sage* v. *Harpending*, 49 Barb. 166; *Curtiss* v. *Beardsley*, 15 Conn. 518; *Bank of North America* v. *Wheeler*, 28 Conn. 433.

It follows, therefore, that, upon the facts found, the court did not err in its conclusions of law.

The judgment is affirmed, at the appellant's costs.