JOHN WILHELMSON v. MATTHEW R. BENTLEY ET AL.

[FILED OCTOBER 16, 1889.]

Usury: INJUNCTION: PAYMENT AS CONDITION OF RELIEF:
PLEADING. A brought an action against B for the cancellation
of certain notes and to enjoin the transfer of the same upon the
ground that they were tainted with usury. On the trial the
court found usury in the contract and ordered the cancellation of
two of said notes and enjoined the transfer thereof. This decree
was afterwards affirmed by the supreme court. Afterwards the
mortgagee applied to the court to so modify the decree as to re-
quire the mortgagor as a condition of relief to pay the amount
which was found to be due. *Held*, That as the granting of such
relief had not been sought in the original action and would re-
quire a reconstruction of the pleadings, it would be denied.

MOTION to modify decree.

*J. S. Gilham*, and *Case & McNeny*, for the motion:

Proceedings to enforce usurious contracts are usually en-
joined only if payment is made of amount due. (High, Inj.,
sec. 1116; Pom., Eq. Jur., sec. 937; *Fanning v. Dunham*,
5 Johns. Ch., 122, 146; *Eiseman v. Gallagher*, 24 Neb.,
79.) The statute corresponding to ours was not enforced
by the New York courts (*Livingston v. Harris*, 11 Wend.
[N. Y.], 329); nor favored by the Minnesota court.

*G. R. Chaney, contra:*

Under the New York usury statute, of which ours is a
modification, tender is not essential to relief in equity.
(*Livingston v. Harris*, 11 Wend. [N. Y.], 335; *Gerwig v.
Shetterly*, 64 Barb. [N. Y.], 626; *Bissell v. Kellogg*, 60 Id.,
631; *Allerton v. Belden*, 49 N. Y., 376.) A like construc-
tion was made by the Minnesota court of a similar statute.
(*Scott v. Austin*, 36 Minn., 460 (dissenting opinion); *Exley
v. Berryhill*, 37 Minn., 182.) *Fanning v. Dunham* was

decided before the enactment of the New York statute in question. Pomeroy and High wrote without reference to a statute like ours.

MAXWELL, J.

This case was before this court at the January, 1888, term thereof, and an opinion filed therein, which is reported in 25 Nebraska Reports, 473, in which the facts are stated.

The defendants now move to modify the decree by requiring the plaintiffs to pay into the court for their use and benefit the sum of $335, with interest thereon; otherwise that the injunction be dissolved. An examination of the case will show that the court found that the contract was tainted with usury and that the amount thereof was represented by two of said notes. The court thereupon ordered the first and second notes canceled and enjoined the collection of the same, but dissolved the injunction as to the others.

Where a party goes into a court of equity to seek relief from a contract which is deemed to be usurious, he must propose to do equity by offering to pay what is justly due. (*Eiseman v. Gallagher*, 24 Neb., 79); and had the notes all been due in this case when the action was brought, and the defendants, by appropriate allegations in their cross-petition, set up the necessary facts to entitle them to relief—the payment of the amount justly due—there is but little doubt that the relief would have been adapted to the facts pleaded and proved. No such relief, however, was sought in this case, the object of the action being merely to enjoin the transfer of certain notes and thereby prevent the defense of usury being pleaded in the action. The right of action to foreclose for the notes not canceled and enjoined still remains, and the property may be applied in satisfaction of the amount still due and unpaid, and we can-

not, without requiring a reconstruction of the pleadings, modify the decree. The motion to modify is therefore over-ruled.

MOTION OVERRULED.

THE other Judges concur.