WARING ET AL. v. FLETCHER ET AL.

[No. 18,140. Filed Dec. 16, 1898. Rehearing denied June 14, 1899.]

BONDS.—*Attachment.*—*Construction.*—An undertaking in an attachment proceeding containing all the provisions required by statute is to be strictly construed in favor of the obligors the same as a bond containing such provisions would be in the absence of section 1235 Burns 1894 providing that a defective bond is to be read, construed, and enforced the same as if it contained all the conditions and provisions required by the statute.  *pp. 624, 625.*

SAME.—*Attachment.*—*Construction.*—A condition in an undertaking in attachment duly to prosecute the proceedings in attachment, is simply a condition to prosecute the attachment proceedings to a final judgment, and is not the same as a condition to prosecute without delay, or diligently to prosecute.  *p. 626.*

ATTACHMENT.—*Affidavit.*—*Proof.*—The grounds for attachment set forth in the affidavit in attachment are not taken as conclusive against the attachment defendant, but the same may be put in issue, and, to sustain the attachment proceedings, must be established by a preponderance of the evidence.  *p. 626.*

SAME.—*Failure to Sustain Proceedings.*—*Action on Bond.*—Where the plaintiff fails to sustain his proceedings in attachment he is concluded from saying that such proceedings were not wrongful and oppressive, although he recovered judgment in the main action.  *p. 626.*

Waring *v.* Fletcher.

ATTACHMENT.—*Failure to File New Bond with Amended Complaint.*
—The failure of plaintiff to file a new undertaking in an attach-
ment proceeding upon filing an amended complaint introducing
a new cause of action cannot be questioned in an action on the
bond after final judgment sustaining such new cause of action.
*p. 627.*

SAME.—*Action on Bond.—Where Proceeding Was Wrongful and Op-
pressive in Part.*—The obligors in an undertaking in an attachment
proceeding are not liable thereon where the proceeding was wrong-
ful and oppressive in part.  *pp. 627, 628.*

SAME.—*Action on Bond.—Judgment as to Part of Amount.—Wrong-
ful Appeal.*—An attachment defendant is not entitled to a recovery
on the undertaking on the ground that an appeal to the Supreme
Court by the attachment plaintiff was wrongful and oppressive,
where plaintiff obtained judgment in attachment as to part of the
amount claimed, and appealed from the disallowance of the full
amount, and the judgment as to the partial allowance was sus-
tained.  *pp. 627-630.*

SAME.—*Action on Bond.—Wrongful Appeal.—Effect of Appeal on
Judgment.*—Where plaintiff obtained judgment in attachment as to
part of the amount claimed, and appealed from the disallowance of
the full amount, filing an ordinary appeal bond, such appeal will
not suspend the operation of the judgment so far as it had the
effect to release that part of the amount attached in excess of the
judgment, and the attachment defendant is not entitled to recover
on the attachment undertaking for the use of the amount attached
in excess of the judgment during the time the case was pending in
the Supreme Court, on the ground that the appeal was wrongful
and oppressive.  *pp. 630-633.*

APPEAL.—*Bond.—Attachment.*—That part of section 650 Burns 1894
relating to damages in an "appeal taken from a judgment for
the recovery of real property or the possession thereof" or for
"the recovery or return of personal property" has no application
to an appeal from a judgment in a proceeding in attachment and
garnishment.  *pp. 632, 633.*

ESTOPPEL.—*Attachment.—Appeal.*—Defendant in an action on an
attachment undertaking for damages for the loss of the use of prop-
erty pending an appeal to the Supreme Court from a judgment
disallowing part of a claim in attachment will not be estopped
from denying the sufficiency of the appeal bond to hold the prop-
erty by the mere fact that the property attached was not released
pending the appeal.  *pp. 633-635.*

From the Marion Circuit Court.  *Affirmed.*

*S. B. Davis* and *McNutt & McNutt*, for appellants.

*Ferdinand Winter*, for appellees.

McCABE, J.—Appellants brought this action against appellees on an undertaking in attachment. Appellees' demurrer to each paragraph of the amended complaint was sustained, and appellants refusing to plead further, judgment was rendered against them on demurrer.

The errors assigned call in question the action of the court, in sustaining said demurrer.

It appears from the complaint that, on January 8, 1887, Fletcher & Company sued Waring Brothers, of London, England, in the Vigo Superior Court to recover $35,000, the proceeds of the sale of certain railroad rolling stock. Affidavits in attachment and garnishment and the undertaking sued upon were filed.

It was alleged in the affidavit in attachment that the Warings were indebted to Fletcher & Company in the sum of $35,000, as stated in the complaint, and that the claim was just, and that the plaintiff ought to recover $35,000, and that the Warings were nonresidents of the State. The writ of attachment was returned "no property found." The persons served with the garnishee summons filed an answer admitting that they owed the Warings $50,000. Said complaint was from time to time amended; and afterwards, on April 30, 1888, a sixth paragraph of complaint was filed in said action to recover on a claim which was in no manner embraced in the complaint filed in the beginning, when the attachment proceedings were instituted. No new affidavit in attachment or garnishment was filed upon said sixth paragraph, nor was any writ of attachment or garnishment taken out or issued when or after said sixth paragraph was filed. Afterwards, on July 22, 1889, the case was tried, and the court found for the plaintiffs in said action, and against the Waring Brothers, in the sum of $2,783, on the claim sued upon in said sixth paragraph, and said sum was ordered to

be paid by the garnishee defendants out of said $50,000. As to the causes of action for the $35,000, set forth in the other paragraphs of the complaint, the court found for the Waring Brothers, the defendants. The plaintiffs in said action, Fletcher & Company, filed a motion for a new trial, which was overruled, and they prayed an appeal to this court and filed their appeal bond. In this court they assigned as the sole error the overruling of the motion for a new trial. Afterwards, on March 4, 1894, the judgment of the court below was affirmed. *Fletcher* v. *Waring*, 137 Ind. 159.

It is alleged that the plaintiffs in said attachment proceeding did not duly prosecute said proceeding, but delayed upon various pretexts the due prosecution thereof; that they sued out said attachment upon false and fictitious claims, and by trivial amendments of their paragraphs of the complaint, predicated upon such fictitious claims, and by filing from time to time additional paragraphs to said original complaint, setting up other additional false, groundless, and fictitious claims, caused the repeated postponement of said cause and proceeding; that they delayed the trial for more than one year after the filing of said sixth paragraph of complaint, which alone of all the seven paragraphs of complaint contained any valid, just, and honest claim and cause of action as against the said Warings; that after the rendition of the final judgment, on July 22, 1889, and the appeal was perfected to this court, the attention of said attachment plaintiffs, who were appellants in said appeal, was called to the fact that no exception had been reserved to the action of the trial court in overruling their action for a new trial; but they still continued to insist upon said appeal, and delayed the hearing and the determination thereof by divers groundless proceedings to amend the record of the trial court so as to show an exception to the action of said court in overruling the motion for a new trial, and, failing in that, they insisted upon trivial, and theretofore unheard of, and unprecedented, and wholly untenable, doctrines and rules of practice, because whereof two oral ar-

guments became necessary, the personnel of said court having been changed during the repeated and continuous delays of said hearing by said appellants, so that said cause was not determined until March 27, 1894, more than four years after said appeal was taken, when said court held that said appellants' assignment of error presented no question, because no exception had been taken to the action of the trial court in overruling the motion for a new trial, and the judgment of the trial court was affirmed; that said proceedings in attachment and garnishment were wrongful and oppressive in this, that the claim for $35,000, upon which the writs of attachment and garnishment were issued, were false, fictitious, and wholly without merit; that notwithstanding such fact, the plaintiffs in that proceeding demanded and procured by means of said proceedings the sum of $50,000 of the money of said Warings, to be tied up in the hands of the garnishees, and obliged and compelled said Warings to incur, in order to protect said funds against said illegal and groundless claims of said plaintiffs in said action, large expenses in counsel fees, in taking depositions, and in paying other numerous expenses of their agents and counsel in and about the proper defense of said cause; amounting in all to more than $10,000; that the seizure of $50,000 to secure a claim of $2,783 was wrongful and oppressive; that by said wrong and oppression the Warings were kept out of the use of $46,500 of their money for the period of seven years and a half, and that the reasonable cost and income of said money was $20,000.

The amended complaint was in four paragraphs. The first and third paragraphs allege breaches of both conditions of the bond, to wit, duly to prosecute the proceedings in attachment, and to pay all damages which should be sustained if the proceedings of plaintiffs should be wrongful or oppressive. The second and fourth paragraphs allege only a breach of the last named condition.

The theory of appellants is that, on account of the failure

of the plaintiffs in the proceedings in attachment to sustain their claim for $35,000, and procure an order against the garnishee to pay the same, they have the right to recover on the undertaking in attachment, notwithstanding the plaintiffs in said proceeding recovered judgment on the sixth paragraph of complaint for $2,783, and an order against the garnishees to pay the same, and that they not only have the right to recover for the attorney's fees, and other ·expenses in the trial court, and for the loss of the use of the money during the time the proceeding was pending in the trial court, but also for the same expenses in the Supreme Court, and for being deprived of the use of the money during the time the case was pending on appeal in this court.   The general rule that an undertaking in attachment is to be strictly construed in favor of the obligors has only been modified by section 1225 Burns 1894, section 1221 Horner 1897, to the extent that the bond, if defective, on a suggestion of such defect, is to be read, construed, and enforced the same as if it contained all the conditions and provisions required by the statute.   But when the omissions, if any, in a bond are so supplied, the bond so read is *strictissimi juris*.   The undertaking in attachment in this case is not defective, but contains all the provisions required by the statute, and the same is to be strictly construed in favor of the appellees, the obligors, the same as a bond containing such provisions would be in the absence of the statute.   *City of Lafayette* v. *James,* 92 Ind. 240, 243, 244; *Burns* v. *Singer, etc., Co.,* 87 Ind. 541, 548; *Faulkner* v. *Brigel,* 101 Ind. 329, 332, 333; *Irwin* v. *Kilburn,* 104 Ind. 113, 115.

The condition of the undertaking in attachment, duly to prosecute the proceedings in attachment, is simply a condition to prosecute the attachment proceedings to a final judgment.   Applying the rule of strict construction such condition is not the same as a condition to prosecute without delay, or diligently to prosecute.   *Sannes* v. *Ross,* 105 Ind. 558,

VOL. 152—40

561. In this State the grounds for attachment set forth in the affidavit in attachment are not, as in some states, thereby established or taken as conclusive against the attachment defendant; but the same may be put in issue, and to sustain the attachment proceedings, the plaintiff must establish one or more of the grounds for attachment set out in the affidavit by a preponderance of the evidence. *McQuirk* v. *Cummings,* 54 Ind. 246; *Excelsior Fork Co.* v. *Lukens,* 38 Ind. 438; *Foster* v. *Dryfus,* 16 Ind. 158.    Under this rule, if the plaintiff fails to sustain his proceedings in attachment, although he may recover judgment in the main action, he is concluded from saying that the proceedings in attachment were not wrongful and oppressive; and, on the other hand, if he recovers judgment upon the proceedings in attachment, as well as in the main action, the defendant is concluded thereby. In the case first stated the effect of the judgment is that the proceedings in attachment were rightful, and in the second case that they were wrongful and oppressive; and in each case the parties therein are conclusively bound thereby so long as the same remains in force.    *Trentman* v. *Wiley,* 85 Ind. 33, 35; *Mitchell* v. *Mattingly,* 1 Metc. (Ky.) 237; *Nolle* v. *Thompson,* 3 Metc. (Ky.) 121; *Boatwright* v. *Stewart,* 37 Ark. 614; *Crandall* v. *Rickley,* 25 Minn. 119; *Pixley* v. *Reed,* 26 Minn. 80, 1 N. W. 800, Drake on Attach. (7th ed.), section 173 on p. 158; Waples on Attach. (2nd ed.) section 1023; 1 Shinn on Attach. pp. 313, 333; 3 Enc. Plead. and Prac., 651, 652.    No action can be sustained on an undertaking in attachment in this State, therefore, if final judgment is rendered in favor of the plaintiff on the proceedings in attachment.    *Hoshaw* v. *Hoshaw,* 8 Blackf. 258; *Trentman* v. *Wiley,* 85 Ind. 35; *Mitchell* v. *Mattingly, supra; Nolle* v. *Thompson, supra; Boatwright* v. *Stewart, supra; Tucker* v. *Adams,* 52 Ala. 254; *Crandall* v. *Rickley, supra; Pixley* v. *Reed, supra; Eckman* v. *Hammond,* 27 Neb. 611, 43 N. W. 397; *Kramer* v. *Thompson-Houston, etc., Co.,* 95

N. C. 277; *Sloan* v. *McCracken*, 75 Lea (Tenn.) 626, Drake on Attach. (7th ed.), section 173, on p. 158; Waples on Attach. (2nd ed.), section 1023, 1 Shinn. on Attach. pp. 313, 333; 3 Enc. of Pl. & Prac. 651, 652; 2 Am. & Eng. Enc. of Law (1st ed.), section 466.

If it was necessary to file a new affidavit in attachment and garnishment, and a new undertaking in attachment, when the sixth paragraph of amended complaint was filed, in order to give the attachment plaintiffs the same lien and right against the funds therein garnisheed that they had as to the claims sued upon in the original complaint, when the writs were served, which we need not, and do not decide, yet, when the trial court, without such affidavit and undertaking being filed, made the finding sustaining the attachment and garnishment as to said sixth paragraph, and rendered judgment thereon accordingly, appellants were concluded thereby and cannot now call in question the correctness of said proceeding and judgment. Waples on Attach. section 1023, and the authorities above cited.

It is not material in this case whether or not the court erred in finding against the Warings on the proceedings in attachment, and rendering judgment that the garnishees pay the judgment of $2,787 recovered against the Warings on the sixth paragraph of the amended complaint, because such judgment, even if erroneous, is binding upon appellants who were the attachment defendants in said action, until vacated or set aside. The court having adjudged that this was a debt for which the writ of attachment and garnishment issued, and rendered judgment against the attachment defendants, and ordered the garnishees to pay the same, found and adjudged thereby that the attachment proceedings were rightful, and not wrongful, and said appellants are concluded thereby from asserting the contrary. The provisions of the undertaking in attachment do not by their terms include a case where the proceedings in attachment are wrongful and oppressive in part; and, under the rule of construction appli-

cable to such bonds, we cannot extend the language so as to embrace such a case.    To do so would be to impose upon the persons executing such an undertaking a condition beyond the language used therein.

As was said in *Marx* v. *Leinkauff*, 93 Ala. 453, at p. 464, 9 South. 820, "the suing out of an attachment cannot be both wrongful and rightful at the same time, or *pro tanto* wrong. If the suing out of the attachment was not wholly wrongful, plaintiff could not recover for a wrongful suing out of the attachment." See, also, *Sheldon* v. *Sabin*, 17 N. Y. W. Dig., 105, 106. *Stiff* v. *Fisher*, 85 Tex. 556, 22 S. W. 577, is cited as holding the contrary doctrine; but we are unable to determine from the report of the case that it was an action on an attachment bond, or that any judgment had been rendered sustaining the attachment proceedings.    It would seem that in Texas, as in some other states, there is no trial in the attachment proceedings of the question of whether the grounds of attachment exist, but such grounds are taken as true in the trial of the attachment proceedings, and in an action on the attachment bond the untruth of the grounds upon which the attachment writ was issued must be shown.    If such is the rule, the case cited would not be in point here.    But if the law is there, as here, as to conclusiveness of the judgment in the attachment proceeding, and that was an action on the bond, we cannot follow it, because under such conditions it is not sustained by the authorities and does not meet our approval. · It was held in *City Nat. Bank* v. *Jeffries*, 73 Ala. 183, 192, that if there is an abuse of process in the execution of the attachment, and the proceedings in attachment were sustained, that such an abuse would be a wrong for which no redress could be obtained by a suit on the undertaking in attachment.    But if damages could be recovered in such case on the undertaking, or otherwise, for suing out the writ for an amount largely in excess of the actual debt, where the proceedings in attachment have been sustained, it must be alleged and proved that the same was done maliciously, and

without probable cause. *Savage* v. *Brewer*, 16 Pick. (Mass.) 453, 28 Am. Dec. 255; *Moody* v. *Duetsch*, 85 Mo. 237; *Tucker* v. *Adams*, 52 Ala. 254, 256, and cases cited; *Eslava* v. *Jones*, 83 Ala. 139, 3 South. 317, 3 Am. St. 699, 701; *Benson* v. *McCoy* 36 Ala. 710; *Whipple* v. *Fuller*, 11 Conn. 581, 584, 29 Am. Dec. 330; *Emerson* v. *Cochran*, 111 Pa. St. 619, 622, and cases cited, 4 Atl. 498; *Eberly* v. *Rupp*, 90 Pa. St. 259; *Antcliff* v. *June*, 81 Mich. 477, 45 N. W. 1019, 10 L. R. A. 621, 21 Am. St. 533, 541, 545; *Nix* v. *Goodhill*, 95 Iowa 282, 63 N. W. 701, 58 Am. St. 434; note to *Pope* v. *Pollock*, (Ohio) 4 L. R. A. 256, 21 N. E. 356; *Doctor* v. *Riedel*, 96 Wis. 158, 71 N. W. 119, 37 L. R. A. 580; *Juchter* v. *Boehm*, 67 Ga. 534, 538; Hilliard on Torts (4th ed.) 456. The complaint contains no such allegation.

It is insisted by appellants that, under the facts alleged in the complaint, the proceeding in the Supreme Court was wholly wrongful and oppressive, and that they are entitled to recover the damage therefor on the undertaking in attachment. It may be true, as contended by appellants, that when the finding and judgment of the trial court are against the defendant in the main action, and also in the proceedings in attachment, and on appeal by said defendant said judgment is reversed, and on return of the cause to the trial court final judgment is rendered on the attachment proceedings in favor of the defendant thereto, that the undertaking in attachment would cover the damages on appeal as well as in the trial court; but it does not follow therefrom that appellants are entitled to recover on the undertaking in attachment in this case, if the proceedings on appeal were wrongful and oppressive. The judgment of the trial court against appellants on the proceedings in attachment was not reversed on appeal, but was affirmed, and the final judgment in said case was that of the trial court, appealed from, which was against appellants on the proceedings in attachment. *State* v. *Krug*, 94 Ind. 366, 371, and cases cited. It is evident, therefore, that there is no liability on the undertaking in attachment,

even if the proceeding on appeal was wrongful and oppressive. Moreover, when the judgment for $2,783 was rendered by the trial court against the Warings, and the garnishees ordered to pay the same, all of the sum garnisheed was released and discharged thereby, except an amount sufficient to pay said judgment and cost. Appellants were entitled to receive the same from the garnishee at once, if the same was due. *Lowry* v. *McGee*, 75 Ind. 508, 510, and cases cited; *Smith* v. *Scott*, 86 Ind. 346, 350; *Sannes* v. *Ross*, 105 Ind. 558, 560; *Emery* v. *Royal*, 117 Ind. 299.

In this State an appeal to the Supreme or Appellate Court, without filing an appeal bond, does not, as in some states, suspend the judgment from which the appeal is taken; nor does the filing of an appeal bond suspend the operation of such judgment except that it stays execution thereon. For all other purposes the judgment appealed from, even if an appeal bond is filed, is as effective and binding upon the parties as if no appeal had been taken. *Nill* v. *Comparet*, 16 Ind. 107, 79 Am. Dec. 411; *Burton* v. *Reeds*, 20 Ind. 87; *Burton* v. *Burton*, 28 Ind. 342; *Walls* v. *Palmer*, 64 Ind. 493; *State* v. *Chase*, 41 Ind. 356; *Randles* v. *Randles*, 67 Ind. 434, 437, 440; *State* v. *Krug*, 94 Ind. 366, on p. 371, and cases cited; *Central, etc., Co.* v. *State*, 110 Ind. 203, and cases cited.

In *State* v. *Chase, supra,* a temporary injunction had been awarded against Matthews at the suit of Duncan. From this order Matthews appealed to this court, and filed his appeal bond within the time allowed by law, and, while said appeal was pending, Matthews violated said temporary injunction by doing the things forbidden thereby. He was thereupon arrested and punished for contempt of court, and this court held that the order for the injunction remained in full force and effect notwithstanding said appeal, and that Matthews was properly punished for violating the same. *Central, etc., Co.* v. *State*, 110 Ind. 203, is to the same effect.

In *Walls* v. *Palmer*, 64 Ind. 493, it was held that one who

had by the judgment of a court been suspended from practicing his profession as attorney at law, and had appealed from said judgment to this court, and filed his appeal bond and otherwise perfected his appeal, was not entitled to practice his profession in said court during the pendency of said appeal. The court, in speaking of the effect of the appeal and appeal bond, said: "It does not reverse, suspend, or supersede the force of the judgment. That remains in all respects the same. The judgment itself requires no further execution than its own terms; it executes itself, except as to the collection of costs, which is stayed by the appeal and supersedeas. The only effect of an appeal to a court of error, when perfected and while pending, is to stay execution upon the judgment from which it is taken."

In *Randles* v. *Randles*, 67 Ind. 434, it was held that one to whom land has been set off by a decree of partition may recover possession thereof from a co-party in such partition suit during the pendency of an appeal taken by such co-party from such decree to this court, even though an appeal bond has been filed. The court, at p. 439 said: "The final judgment in a partition suit, in so far as it awards to each of the parties interested his or her share, in severalty, of the real estate in controversy, is self-executing; it requires no execution to enforce the terms of the judgment, but the rights of the parties, in severalty, are thereby fixed and absolutely determined, without process thereon of any kind, unless and until the judgment should be annulled, reversed or set aside. It is very clear, therefore, that the appeal of the appellant and his co-appellants, in the partition suit, from the judgment of the circuit court therein to this court, although such appeal had been duly perfected by the filing of the requisite appeal bond, did not in any manner affect or change the rights, in severalty, of the parties to such suit, in and to the lands assigned to them respectively, by the terms of such judgment; but, notwithstanding such perfected appeal, each of the parties to such suit, as between him or her and the

Waring v. Fletcher.

other parties, owned and held the lands assigned to him or her, in severalty, in and by such judgment, until the same should be reversed or annulled.   In other words, it seems to us, that the only effect of the filing of the appeal bond, on the appeal to this court from the judgment of the circuit court in the partition suit, was to stay execution upon the judgment for the costs of such suit, until such appeal was determined; and that in all other respects the judgment, until annulled or reversed, was binding upon the parties thereto, as to every question directly decided therein."

So, in this attachment case, the effect of the judgment was to release and discharge all of the indebtedness garnisheed, except sufficient to pay the judgment for $2,783 and costs, and no execution or other writ was necessary to effect such release and discharge; as to this the judgment executed itself. *Thomas* v. *Johnson,* 137 Ind. 244.

An appeal by an attachment plaintiff from such a judgment with the ordinary appeal bond, no matter how large the penalty thereof, conditioned as required by the statute for such bond, could not therefore suspend the operation of said judgment so far as it had the effect to release and discharge the indebtedness in excess of the amount required to pay the judgment and cost.   This could only be done, if at all, by a special supersedeas, when a proper bond was filed, as provided in such writ or order.   The facts alleged in the complaint, however, do not show that any such supersedeas was issued, or bond filed.

It is alleged in the complaint that the payment of the money to the Warings was prevented by the filing of the appeal bond.   This, however, is a mere conclusion.   The facts from which the conclusion was drawn should have been averred, and from such facts the court would determine whether or not the bond had the legal effect alleged, for there is no presumption that the bond filed was not the ordinary appeal bond provided for by either section 650 Burns 1894,

section 638 Horner 1897, or sections 653, 654 Burns 1894, sections 641, 642 Horner 1897.

A part of section 650, 638, *supra*, reads as follows, "And if the appeal is taken from a judgment for the recovery of real property, or the possession thereof, by the party against whom the judgment for the recovery is rendered, then the condition of the bond shall further provide that the appellant shall also pay all damages which may be sustained by the appellee for the *mesne* profits, waste, or damage to the land during the pendency of the appeal; and if from a judgment for the recovery or return of personal property, or for such property or its value, then, that if he deliver or return the property he will also pay the reasonable value of its use and any damage it may sustain during the pendency of an appeal."

It is claimed by appellants that the appeal bond required thereby was sufficient to hold the funds garnisheed during the appeal without a special supersedeas. The part of said section above quoted has reference alone to bonds executed when an "appeal is taken from a judgment for the recovery of real property or the possession thereof" or for "the recovery or return of personal property." This is the express language of the part of said section quoted, and it needs no interpretation; the mere reading is sufficient to show that it can have no application whatever to an appeal from a judgment in a proceeding in attachment or garnishment.

It is manifest that, notwithstanding the appeal from the judgment rendered by the Vigo Superior Court, and the bond filed therein, that the effect of the judgment in releasing and discharging the attachment and garnishment as to the indebtedness in excess of the amount required to pay the same, was not suspended, and appellants were entitled to receive said excess from the persons owing the same at all times after the rendition of judgment by the trial court.

Appellants insist that, as the appeal bond accomplished its purpose, and the money was held during the pendency of

the appeal, appellees cannot deny that it was sufficient to hold the money while the appeal was pending in this court. This alone is not sufficient to entitle appellants successfully to invoke the doctrine of estoppel. The appeal bond, however, as we have shown, did not hold the money, or restrain the garnishees from paying the same to the Warings. If the garnishee retained the money in excess of the amount necessary to pay the judgment and order against them, it was not because appellants were not entitled to collect the same, but because they failed to enforce their rights. If there are any facts which would estop the obligors in the appeal bond from asserting that the same did not prevent appellants from enforcing payment by the garnishees, they have not been set forth in the complaint. The time to determine the question of estoppel suggested will be when it is presented in an action on the appeal bond.

It follows from what we have said, and from the authorities cited, that when the trial court sustained the proceeding in attachment, and rendered judgment for a part of the amount sued for, and that the same should be paid by the garnishee defendants, although the sum was much less than the amount which the attachment plaintiffs stated in their affidavit in attachment that they "believed they ought to recover," this concluded appellants from claiming that any condition of said undertaking in attachment was broken, and from maintaining any action thereon.

It may be that when a party to a judgment prosecutes an appeal to the Supreme or Appellate Court maliciously, and without probable cause, that an action will lie against him for malicious prosecution, the same as in a civil case so prosecuted in a trial court. *McCardle* v. *McGinley*, 86 Ind. 538, 44 Am. R. 343, and cases cited; *Carey* v. *Sheets*, 67 Ind. 375; *Coffey* v. *Myers*, 84 Ind. 105; *Lockenour* v. *Sides*, 57 Ind. 360, 26 Am. R. 58, 18 C. L. J. 242, 32 A. L. J. pp. 124, 145. But no such cause of action is stated in the complaint. It is manifest that the remedy, if any, for the alleged wrongs

complained of by appellants, is not upon the undertaking in attachment, but must be sought elsewhere. Judgment affirmed.