CENTRAL TRUST CO. OF NEW YORK v. HENNEN.

(Circuit Court of Appeals, Sixth Circuit. November 9, 1898.)

No. 531.

1. JUDGMENT— CONCLUSIVENESS—MORTGAGEES NOT PARTIES.

A judgment against a railroad company is not binding on its bondholders or mortgage trustees who were not parties thereto, and they may relitigate the plaintiff's right to recover, as well as the amount of recovery, when it is sought to establish such judgment as a lien superior to the mortgage.

2. EASEMENTS—EFFECT OF VACATION OF HIGHWAY ON PRIVATE RIGHT OF WAY.

The action of public authorities in discontinuing a highway cannot affect a private right of way over the land secured to the owner of adjoining property by contract with the owner of the fee.

3. RAILROADS —'DESTRUCTION OF MEANS OF ACCESS TO PROPERTY — LIEN FOR DAMAGES.

A direct permanent injury to, or destruction of, a private right of way giving access to property by the construction of a railroad over the same, constitutes a taking of such property for public use to the extent of the actual damage sustained and entitles the owner to a lien for such damage on the proceeds of the railroad when sold on foreclosure superior to

90 F.—38

the lien of the mortgage, the right to a lien in such case being the same as though the railroad had acquired its right of way as to such property by contract or condemnation.

Appeal from the Circuit Court of the United States for the District of Kentucky.

On the 1st day of December, 1894, there was pending in the circuit court of the United States for the district of Kentucky the foreclosure suit of the Central Trust Company, trustee, against the Louisville, St. Louis & Texas Railway Company (hereinafter, for convenience, called the "Trust Company" and "Railway Company," respectively). On that day the appellee filed a petition of intervention in that case, based upon a judgment previously recovered in the state circuit court, and affirmed by the superior court of the state of Kentucky, in a suit at law, by the appellee against the Railway Company, to which neither the Central Trust Company nor any holder of bonds was a party. The petitioner sought to have her judgment allowed as a preferential claim, entitled to priority of payment out of the proceeds to arise from a sale of the property of the Railway Company covered by the mortgages which were being foreclosed in the pending suit above referred to. The essential facts assumed in the appellee's statement of her case are these: That she owned a tract or parcel of land of about 4 acres, with a residence and other valuable improvements thereon, in Hancock county, Ky., near the city of Hawesville, which tract of land was bounded on the north by a public highway known as the "State Road," which was there at the time of her purchase of the land. It is claimed that the petitioner's homestead was part of an 80-acre tract of land which belonged originally to one of the Trabue heirs, and that this 80-acre tract was itself a part of a much larger tract,—say, 200 acres,—which belonged to Trabue, presumably the ancestor of the Trabue heirs. This public highway extended along the entire front of the petitioner's lot, and, on account of a large cliff in the rear of her property, with lots on either side owned by other persons, the petitioner's only practical mode of ingress and egress to and from her residence and property was to and from this public highway in front. This road was the highway extending between Hawesville and Cloverport, both on the Ohio river, and appears to have been kept up many years as a public highway. It was finally, however, discontinued as a public highway by order of the Hancock county court; and it is assumed that the fee in the highway, after such discontinuance, reverted to the Trabue heirs,—the petitioner's title extending only to the edge of the highway, and not to the center, as had been adjudged by the courts of Kentucky in the case referred to. In this situation, the Railway Company, by proper proceedings against the Trabue heirs alone, condemned the strip of land previously used as a public highway, as the property of the Trabue heirs, and proceeded to construct its railroad line on the highway, and in front of the appellee's premises, and in doing so made an embankment in front of her premises and lot 5 or 6 feet in height, and 55 or 60 feet from the residence of the appellee. The order of the Hancock county court discontinued only so much of the state road as extended between the town of Hawesville and a place called "Price's Store." Appellee was not a party to the condemnation proceedings. No other highway or road was established by the county court for use in place of the one discontinued. The object of the petitioner's suit in the state court of Kentucky was to recover damages for the injury to her easement or way of ingress and egress to and from her property over said highway so obstructed by this embankment made by the Railway Company. It was sought in that suit to recover, and the appellee did recover, for other elements of damage besides the injury to the right of ingress and egress, but no further reference need be made to such other elements of damage for the purposes of this suit. A transcript of the record of the judgment of the state court and of the evidence adduced in that case was, by consent, used on the hearing of the petition. The contention for the petitioner proceeded upon the ground that the petitioner had, through various conveyances, acquired title from the Trabue heirs, or one of them, in such a mode that, as against the Trabue heirs, she had become vested with a right of way to and from her premises and over

the highway established and in use at the time she purchased, and constituting the north boundary of her lot of land. It is insisted that, when the state road was discontinued as a public highway, such action on the part of the Hancock county court could not affect any contractual right of way vested in the petitioner as against the Trabue heirs, and that the property, being burdened with this right of way in the hands of the Trabue heirs, passed under the condemnation proceedings to the Railway Company subject to the same easement; the petitioner not being a party to that proceeding, and her right in no manner affected thereby. The learned circuit judge treated the judgment in the petitioner's favor in the state court as establishing her easement, and the right to recover for the injury thereto, and the court did not undertake to inquire for itself whether such right existed. In relation to the effect of the judgment of the state court, the circuit judge said: "If we are right in thinking that the bondholders are bound by the adjudication in the state courts, then the contention of the counsel that Mrs. Hennen had no right of ingress or egress after the discontinuance of the state road in front of her lot, and that according to the Kentucky law she had no right to damages for the destruction of the egress and ingress to her property, is not applicable, since it is quite clear that the superior court decided that she had a right of egress and ingress to her property, notwithstanding the discontinuance of the state road, and that she had a right to recover damages for the destruction or impairment thereof; and the case was returned and tried upon that distinct adjudication." The court then proceeds to show that the final decision in the state court was in favor of the right of egress and ingress to petitioner's property, notwithstanding the discontinuance of the state road; and this, of course, established the right to recover, treating that decision as conclusive. The court further observed: "The Trabue heirs, when the fee reverted, if it did revert, held it subject to the easement which had previously arisen over that ground in favor of the various purchasers under them; and this right of egress and ingress—a most valuable one itself—was the one the court decided was in Mrs. Hennen, and had not been taken from her by condemnation proceedings. In that view, she was a proper party to those proceedings, and should have been made a party, if the railroad company desired to devest her of this easement." The amount of the recovery in the state court was $1,800, and this included other elements of damage besides the injury to the right of way. In undertaking to fix the amount of damages for the injury to the right of ingress and egress, the court below said: "Assuming that $1,800 covered the entire damage, I think $1,500 would be a reasonable amount to allow for the destruction or impairment of the ingress and egress. This would be five-sixths ($5/6$) of the judgment, and I think the costs and the damages which have been allowed should be divided in that proportion. A judgment will therefore go in preference over the bondholders as herein indicated." From the judgment entered in accordance with this opinion of the circuit court the present appeal is prosecuted. and errors assigned.

James P. Helm, for appellant.

James P. Gregory, for appellee.

Before TAFT and LURTON, Circuit Judges, and CLARK, District Judge.

CLARK, District Judge, after stating the case as above, delivered the opinion of the court.

Error is assigned to the action of the court below in holding that the trustees in the mortgage, and bondholders, were bound by the adjudication in the state court establishing the petitioner's right to recover. We are satisfied, from an examination of the record, that the court did so hold. The opinion of the court admits of no other construction. and in this we think there was error. The proposition that a judgment or decree is binding only on parties thereto is

elementary, and there is nothing in the relation between the Railway Company and the trustee in the mortgage, or the bondholders, which creates any exception to this rule, so far as a question of the kind we are now dealing with is concerned. The case cannot be distinguished from Hassall v. Wilcox, 130 U. S. 493, 9 Sup. Ct. 590, in which it was held that bondholders were not bound by the judgment rendered in a suit to which they were not made parties, and this case was followed and applied by this court in Louisville Trust Co. v. City of Cincinnati, 47 U. S. App. 36, 22 C. C. A. 534, and 76 Fed. 296; Trust Co. v. Condon, 31 U. S. App. 419, 14 C. C. A. 314, and 67 Fed. 84; and Same v. Bridges, 16 U. S. App. 146, 6 C. C. A. 539, and 57 Fed. 753. It was consequently the duty of the court below to consider and determine for itself the question of the petitioner's right to recover, as well as the amount of such recovery, in case the question of the petitioner's right to recover was decided in her favor. Both questions were raised by the answer to the petition, and should have been examined and determined by the court below independently of the adjudication in the state court. This the court might have done directly, or through the aid of a reference. Assuming, as was done in the contention of the petitioner and in the opinion and judgment of the court, that the appellee became vested with the easement of ingress and egress, as claimed, and that the strip of land condemned as the property of the Trabue heirs was burdened in their hands with such easement, we agree with the circuit court that the land passed by condemnation from the Trabue heirs to the Railway Company, subject to the same easement. It is very clear that the action of the Hancock county court in discontinuing the state road as a public highway could have no effect on any right of way vested in her by contract or otherwise, independently of any action of said county court in establishing or maintaining the road as a public highway. The order of the county court in discontinuing the road as a public highway terminated the right of way of the public generally, which depended on the authority and action of the county court for its existence, and also terminated the obligation on the part of the county to maintain the road in a proper state of repair as a public highway. But the order of the county court did not and could not affect the private right of the petitioner to egress and ingress to her property, if such right existed, and could have been asserted against the Trabue heirs. Paine's Ex'x v. Storage Co., 37 U. S. App. 539, 19 C. C. A. 99, and 71 Fed. 626. The distinction is between a right in the public to use a public highway, depending for its existence on the action of the county court, and a private right of way acquired by grant, contract, or in other valid, legal method, such as by estoppel. But the question of such right, as we have said, was one which it was the duty of the court to consider and determine for itself. This the court did not do, and indeed the precise method in which such an easement was acquired or claimed is left uncertain in this record. The record does suggest the probability that, if the facts were clearly brought out, they would bring the petitioner's case within the doctrine announced in Paine's Ex'x v. Storage Co., supra.

Again, assuming that this right of way or easement was vested in the petitioner as claimed, we concur with the learned circuit judge in the opinion that a direct, permanent injury to, or the destruction of, such right of ingress and egress, would, to the extent of the damage actually sustained, be the taking of private property for public use. Pumpelly v. Green Bay Co., 13 Wall. 166. And the damages sustained by reason of such a taking would constitute a preferential claim on the proceeds arising from the sale of property, entitled to priority of satisfaction as against the bonds secured by the mortgage. Such a claim in this respect could not be, and in the adjudications has not been, distinguished from the ordinary claim to compensation for property taken or condemned for a right of way, or for the purchase price of a right of way conveyed directly to a railroad company, or any part of such purchase price. Whether land for a right of way is acquired by a railroad company by contract, condemnation, or unlawful taking, the owner is equally entitled to just compensation, and the manner of taking or acquisition does not change the nature or priority of the compensation justly due. It was decided by this court in Trust Co. v. Bridges, 16 U. S. App. 142, 6 C. C. A. 539, and 57 Fed. 753, that persons who convey a right of way directly to a railroad company are entitled to a lien for the purchase price prior to that of the mortgage bonds of the company.

It is difficult to understand, in view of the record, on what satisfactory basis the court below undertook to apportion the damages included in the judgment of the state court, so as to adjudge what part was for injury to the right of ingress and egress; for, as we have seen, the judgment included other elements of damage. There is, however, no assignment of error on the action of the court in this respect, though the objection is urged in the brief; and our conclusion that the court below must adjudicate for itself the question of right to recover, as well as the amount of such recovery, renders any further discussion of the case unnecessary at this time.

The distinction to which we have referred between the right to use a public highway on the part of the public, arising out of the action of the county court in establishing such a highway, and a private easement acquired by grant or contract, sufficiently shows that the Kentucky cases relied on by counsel for appellant are inapplicable, and comment on those cases is unnecessary. Indeed, the case of Bradbury v. Walton, 94 Ky. 163, 21 S. W. 869, relied on by appellant, clearly and elaborately states this distinction, and supports the view we have expressed. The decree of the circuit court is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.