LEDBETTER, ROAD COMMISSIONER, *v.* TURNPIKE COMPANY.

(*Nashville.*    December Term, 1902.)

1. **PUBLIC BRIDGES.** Are county roads.

Public bridges are included within the general term "roads and highways" and may be held equivalent to "county road." (*Post,* p. 95.)

Code cited and construed:    Sec. 70 (S.); 57 (M. & V.); 59 T. & S. and 1858.

2. **PUBLIC ROADS AND BRIDGES.** Suits to protect, must be brought and prosecuted in name of county.

The public roads and bridges in this State, except where otherwise expressly provided, belong to and are under the control of the several counties in which they are located and suits to protect such roads and bridges and enforce the rights of the public therein, e. g., an injunction bill to prevent an obstruction by a turnpike company claiming right ·to collect tolls thereon, must be brought and prosecuted in the name of the county or the justices thereof.    (*Post, pp.* 94-97.)

Code cited and construed:    Secs. 493, 494, 495, 496, 499, 1624, 1626, 1629, 1677, 1707, 6038 (S.); 459, 462, 465 (M. and V.); 402, 404, 407 (T. and S. 1858.)

Cases cited:    Hawkins v. Railroad Company, 1 Tenn. Cases, 303; Williamson Co. v. Jefferson, 1 Cold., 419; Evans v. Shields, 3 Head, 73; Beard v. Campbell Co., 3 Head, 98; Cannon v. McAdams, 7 Heisk., 376; Harmon v. Taylor, ·15 Lea, 535.

Ledbetter v. Turnpike Co.

3. **COMMISSIONER ROAD DISTRICT.** Cannot sue to enjoin obstruction of public roads by collection of tolls thereon.

The commissioner of a road district is merely the agent of the county to supervise the construction and repair of the public roads and bridges in his district and cannot maintain a suit to restrain the collection of tolls by a turnpike company on a bridge built by it on the ground that its charter has expired and the bridge has become a county highway free of toll; the right to institute and prosecute such suit is vested solely in the county. (*Post, pp.* 93-97.)

Act cited and construed: Acts of 1901, ch. 136, sec. 1.


### FROM MONTGOMERY.


Appeal from Chancery Court of Montgomery County. —J. S. GRIBBLE, Chancellor.

SAVAGE & JOHNSON, for Ledbetter.

H. C. MERRITT and H. N. LEECH, for Turnpike Company.


MR. JUSTICE SHIELDS delivered the opinion of the Court.

The bill in this cause was brought by complainant, Ledbetter, in his official capacity as commissioner of road district No. 12 of Montgomery county, to enjoin

the defendant from collecting tolls from the public using a bridge built by it on its turnpike across Red river, in his dictrict; the ground of relief sought being that the charter of defendant corporation has expired by limitation, and its franchises ceased to exist, and the turnpike become a public highway, free of toll, and subject to the jurisdiction of the county court, and to be controlled by the highway officers of the county and road district through which it runs under the general road laws of the State.

The defendant interposed a demurrer, the first ground of which challenges the right of complainant, as road commissioner, to bring and maintain this bill, for want of title or interest in the subject-matter of the litigation; the insistence being that the ownership, title, and control over public roads within its boundaries is in Montgomery county, and it alone has the right to institute a suit for the purpose of which this is brought. If this cause of demurrer is sustained, it will not be necessary or proper to pass upon the others, which go to the merits of the controversy.

We are of opinion that the contention of the defendant is sound, and that the demurrer should be sustained.

Counties in Tennessee are corporations, and the justices of the peace, assembled in county court, are their representatives, and authorized to act for them. They are vested with the power to acquire property for county purposes, and the grants and conveyances therefor are required to be made to the county acquiring the same.

They may sue and be sued as other corporations; all suits instituted in their interest to be brought in the name of the county suing, except actions against delinquent officers and their sureties, which shall be brought in the name of the State for the use of the county.· Shannon's Code, secs. 493, 494, 495, 496, 499; *Hawkins County* v. *Railroad Co.,* 1 Tenn. Cas., 303.

The county courts composed of the justices of the peace, the representatives and authorized agents of the counties, are given exclusive control of the establishment and supervision of roads and ferries.   Shannon's Code, sec. 6038.

Public bridges are included in the general term "roads and highways."   Shannon's Code, sec. 70.

But public streets in incorporated towns and cities are not under the control of the county court.   *White's Creek Turnpike Co.* v. *Marshall,* 2 Baxt., 118.

Counties are also authorized to build turnpikes and bridges, and pay for the same by the issuance of the bonds of the counties, when authorized by special legislation, to be paid out of the public county funds, and by special levies for that purpose; and, in all cases of laying out of new roads or changing the location of old ones, the damages assessed for the right of way taken are adjudged against the county having the same done, to be paid out of the county funds.   Shannon's Code, secs. 1624, 1626, 1707; *Justices of the Peace of Williamson County* v. *Jefferson,* 1 Cold., 419.

From this it clearly appears that the public roads and

bridges of each county are constructed, paid for, and controlled by the county in which they are located, and the ownership and title thereto, which is generally an easement, is vested in the county in its corporate capacity; and, under the elementary rules of pleading and practice, suits brought to protect such roads and bridges, and enforce the rights of the county therein, which are the same as the rights of the public, must be brought and prosecuted in the name of the county. This has been repeatedly held by this court.

In the case of *Evans* v. *Shields,* 3 Head., 73, it is said: "It is impossible to maintain, as it seems to us, that it would be competent for the justices of the county court to devolve the power and trust confided to them, on behalf of the public, to a private and irresponsible individual, and thus, in effect, leave the important matter of the establishment and regulation of the public roads of the county to be controlled by the interests, prejudices, or resentments of private individuals. This cannot be tolerated. As before stated, the proper and necessary parties in all such cases are the justices [not the county], on the one side, and the party 'interested or aggrieved in the premises,' on the other."

In accord with this are the cases of *Beard* v. *Campbell County,* 3 Head, 98; *Cannon* v. *McAdams,* 7 Heisk., 376; and *Harmon* v. *Taylor,* 15 Lea, 535. And the district attorney for the circuit in which the county is situated is required to represent the county in the circuit court, and the attorney-general for the State, in the

supreme court, in all cases involving controversies over roads.    Shannon's Code, 1629.

Complainant has no interest whatever in the public roads of his district, and is merely the agent of the county to superintend the construction and repair of the same, and can not maintain any action in relation to them in his own name.    Section 1 of chapter 136 of the Acts of 1901, under which he was elected, and relied upon by his counsel, vests in him no such authority.    It merely makes him the agent or officer of the county to supervise the roads in his district.    Nor does section 29 of chapter 1, Acts 1891 (Shannon's Code, 1677), if not repealed by subsequent road laws, also relied upon by counsel, give him any such authority.    It only declares the placing of certain obstructions upon the highway a misdemeanor, and requires the commissioner to prosecute offending parties, which actions, of course, must be in the name of the State.

The decree of the court of chancery appeals, overruling the demurrer, is reversed, and the demurrer upon the grounds stated is sustained, and the bill dismissed with costs.