## HOYLE ET AL. v. STELLWAGEN ET AL.

[No. 4,302.    Filed April 1, 1903.]

APPEAL AND ERROR.—*Action on Restitution Bond in Attachment Proceeding Pending Appeal.—Supersedeas Bond.*—An action on a restitution bond in an attachment proceeding is not barred by a vacation appeal by the defendant from a judgment taken against him in the principal action and by the filing of an appeal bond in conformity with a supersedeas issued in the common form.

From Lake Superior Court; *H. B. Tuthill,* Judge.

Suit by John Stellwagen and others against William F. Hoyle and others on a bond in an attachment proceeding. From a judgment for plaintiffs, defendants appeal. *Affirmed.*

*C. F. Griffin,* for appellant.

*F. N. Gavit,* for appelle.

BLACK, P. J.—The appellees sued the appellants upon a restitution bond or undertaking executed by the latter in a proceeding in attachment brought by the appellees against the principal in the bond.

The contention in this court relates to the action of the court below in sustaining a demurrer to a paragraph of answer, in which the appellants set up, as a bar, the pendency in this court of a vacation appeal taken by the defendant from the judgment against him in the principal action in aid of which the proceeding in attachment was instituted, in which appeal this court had issued a supersedeas, and an appeal bond had been executed, which supersedeas was still in force.

The undertaking in suit conformed to the statute (§940 Burns 1901), being an undertaking of the appellants "to the plaintiffs that the defendant will appear to said action, and perform the judgment of the court therein." By reason of the execution of this undertaking the attachment was discharged, and the defendant was thereupon entitled to

restitution of the property taken under the attachment. The supersedeas issued from this court in the appeal from the judgment against the defendant in the principal action was not special, but was in the common form, and thereby it was ordered "that execution and other proceedings on the judgment of the court below be stayed as the law directs, whenever the appellant shall have given bond according to law." The appeal bond thereafter executed was conditioned that the appellant should duly prosecute the appeal, "and abide by and pay the judgment and costs which may be rendered against him."

If the appellees had not instituted any further proceedings until after the determination of the appeal, and the appeal had resulted in an affirmance of the judgment in the principal action, the appellees might then have pursued their remedy by execution and also would have had two securities for the payment of their judgment,—the restitution undertaking and the appeal bond. If, on the contrary, the appeal had resulted in the reversal of the judgment, the appeal bond thereby would have become *functus officio,* and no remedy could have been had upon the restitution undertaking until, as a result of further proceedings pursuant to the mandate made upon the reversal of the judgment, the cause had progressed to another judgment against the defendant. Such further proceedings after reversal might result in a judgment for the defendant, in which case there could be no resort to the restitution bond; or they might result in a judgment against the defendant, but for an amount less or greater than that of the judgment from which the appeal was taken, and the amount of the judgment would be the measure of recovery on the restitution bond for "failure to perform the judgment of the court." If recovery may be had on the restitution undertaking pending the appeal, the recovery must be regulated by the judgment from which the appeal is pending. The appeal might result in establishing that the defendant ought

not to pay the plaintiffs any amount, or that he ought to pay them a smaller or a greater amount than was recovered in this action on the restitution undertaking.

Whether or not the right of action on the restitution execution is affected by the pendency of the appeal, the issuing of the supersedeas and the execution of the appeal bond depends upon the effect given to such appeal by the statute. The matter can not be decided by logical argumentation, or upon a determination as to what may be supposed to be reasonable. The appeal is a statutory privilege, in the absence of which resort might at once be had to execution, or to an action on the restitution undertaking. How such remedies may be affected by the appeal and supersedeas must be learned from the statutes. In this State, an appeal to the Supreme Court or the Appellate Court does not vacate the judgment and transfer the case, to be prosecuted *de novo* in the higher court, and without an appeal bond the judgment from which the appeal is taken is not suspended; nor does the execution of an appeal bond suspend the operation of the judgment except that it stays execution thereon. "For all other purposes the judgment appealed from, even if an appeal bond is filed, is as effective and as binding upon the parties as if no appeal had been taken." *Waring v. Fletcher,* 152 Ind. 620, 630, citing, *Nill v. Comparet,* 16 Ind. 107, 79 Am. Dec. 411, and many subsequent cases. The supersedeas stays proceedings in the case in which the appeal is taken, but it is firmly established in this State that, notwithstanding the pendency of an appeal and the issuing of the supersedeas and the execution of the appeal bond, an action will lie upon the judgment from which the appeal is pending. *Nill v. Comparet, supra;* Elliott, App. Proc., §547. It would not seem consistent with this view of the effect of the pendency of such an appeal to hold that the action on the restitution undertaking could thereby be barred.

The question whether or not the appellant in the former appeal might have procured an order of this court for the stay of proceedings upon the restitution bond can not properly be decided in this case.

Judgment affirmed.