MANHATTAN TRUST CO. et al. v. CHICAGO ELECTRIC TRACTION CO.

In re WILCKE.

(Circuit Court, N. D. Illinois, E. D.　July 20, 1910)

No. 25,595.

1. EQUITY (§ 214*)—PLEADING—EXCEPTIONS.

Whether an affirmative defense of fraud is sufficiently pleaded, or whether, if sufficiently stated, is a defense, can only be considered on demurrer, and cannot be raised by exception.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 487; Dec. Dig. § 214.*]

2. EQUITY (§ 253*)—PLEADING—IMPERTINENT AND SCANDALOUS MATTER.

Where a judgment in a state court against the receiver of a street railroad company for injuries was filed as a claim against the company's property in the hands of the receiver, an answer alleging that the judgment was fraudulent and had been obtained by false and perjured testimony was not subject to exception as impertinent and scandalous.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 525; Dec. Dig. § 253.*]

3. PLEADING (§ 23*)—IMPERTINENT MATTER.

No matter is to be deemed impertinent which is material in establishing the rights of the parties or ascertaining the relief to be granted.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §. 46; Dec. Dig. § 23.*]

4. PLEADING (§ 23*)—"SCANDAL."

Scandal is impertinent matter which is also criminatory or which otherwise reflects on the character of an individual, and no matter which is not also impertinent will constitute scandal, however strong its aspersions or reflections.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 46; Dec. Dig. § 23.*

For other definitions, see Words and Phrases, vol. 7, p. 6341; vol. 8, p. 7795.]

5. RECEIVERS (§ 54*) — INSOLVENCY — CLAIMS—ESTABLISHMENT—CONCLUSIVENESS OF JUDGMENT.

Where a decree appointing a receiver for an insolvent street railway company provided that the court should determine and fix claims, costs, charges of administration, etc., such provision did not mean that the court in which the receivership proceedings were pending would try de novo a claim which had been reduced to judgment against the receiver in a state court, since the decree did not specify the kind of evidence which the court should receive in determining whether the claim should be allowed.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. § 91; Dec. Dig. § 54.*]

6. JUDGMENT (§ 678*)—RECEIVERS—CONCLUSIVENESS.

Since a receiver of a street railroad company is an arm of the court and his official acts those of the court, a judgment recovered against him in his official capacity as to any act or transaction of his in carrying on the business connected with the property is the establishment of a liability against the assets in his hands, and is conclusive as against lienors or purchasers of such assets in the absence of fraud, and this, notwithstanding the statute providing that such a receiver shall be sub-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ject to the general jurisdiction of the court in which the receiver was appointed so far as necessary to the ends of justice.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1195–1199; Dec. Dig. § 678.*]

7. JUDGMENT (§ 828*)—COMITY—STATE COURTS—JUDGMENT AGAINST FEDERAL COURT RECEIVER.

The judgment of a state court having jurisdiction of the parties and subject-matter against a federal court receiver in his official capacity in respect of any act or transaction of his in carrying on the business connected with the receivership property is final and conclusive as to the existence and amount of the liability.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1504–1509; Dec. Dig. § 828.*

Conclusiveness as between federal and state courts, see notes to Kansas City, Ft. S. & M. R. Co. v. Morgan, 21 C. C. A. 478; Union & Planters' Bank v. City of Memphis, 49 C. C. A. 468.]

8. RECEIVERS (§ 150*)—CLAIMS—PROOF—JUDGMENT—FRAUD.

Where a judgment against a federal court receiver in a state court is filed as a claim in the receivership proceedings, an objection that it was obtained by fraud and false swearing would not authorize a retrial of the cause and the weighing of the same evidence on which the judgment was based, nor could it be proved by evidence merely cumulative, impeaching, or contradicting the former evidence produced.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 267, 268; Dec. Dig. § 150.*]

In Equity. Bill by the Manhattan Trust Company and others against the Chicago Electric Traction Company. In the matter of petitions of William Wilcke. On exceptions to answer of interveners. Overruled.

Wing & Wing and Fred W. Bentley, for petitioner William Wilcke.

Mayer, Meyer, Austrian & Platt and Isaac H. Mayer, for purchasers, trustees, and bondholders.

KOHLSAAT, Circuit Judge. Petitioner sets up judgment recovered against the receiver herein for $10,000 and costs taxed at $74.85 on July 16, 1907, for which no execution was awarded; that the judgment order directed that the same be paid in due course of administration out of the funds of said receivership; that said judgment was affirmed by the Appellate and Supreme Courts, and now stands in full force and effect and unsatisfied. The petition further states that said judgment was filed with the master on August 16, 1907, and asks that the receiver show cause why said judgment should not be allowed and paid out of the proceeds of foreclosure sale herein. To this petition the receiver, the reorganization committee of the bondholders, the owners of the receiver's certificates, and the Chicago & Southern Traction Company, purchaser under said mortgage sale, make answer, alleging that by the decrees of June 11, 1907, and May 27, 1908, in said cause, it was ordered that all claims not presented to the master for allowance by September 8, 1908, should be barred, of which order petitioner had notice; that petitioner's claim was not so presented and is barred. The answer further charges that said judgment is not binding against the respondents; that respondents, other

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

than the receiver, were not parties to said proceeding; that judgment was procured by fraud, and by false and perjured testimony.

The answer further alleges that the injury complained of in said suit of Wilcke, upon which said judgment is based, was caused by his own negligence alone; that he produced false testimony as to the extent of his injury; that he is not entitled to any damages; that the judgment is excessive and inequitable; and that before the petition be granted the facts should be fully inquired into. The answer further charges that the sale made in said cause under the foreclosure proceedings has been confirmed and deed delivered, and that the property is in the possession of the purchaser.

To this answer petitioner files exceptions, which exceptions are now before the court.

No reason is perceived why exceptions 1, 2, 3, 4, 5, and 6 should lie to the answer, and they are overruled.

[1, 2] The seventh and last exception is to the fourth paragraph of the original answer of respondent, which alleges that Wilcke secured said judgment by means of fraud and by false and perjured testimony.

This is excepted to as scandalous and impertinent. It is very clear that the only question before the court on this exception is: Is the paragraph properly a part of the answer? Should it be expunged? Whether the affirmative defense of fraud here set up is sufficiently alleged, or whether if properly alleged it is a sufficient defense, are not matters in issue upon this exception. These questions could only be raised by demurrer (2 Bates on Federal Practice, p. 667), or, perhaps, by analogy to the method of testing the sufficiency as à matter of law of an answer or plea to an original bill, by setting down for argument.

Of course, fraud may be set up at any stage of the proceedings. It vitiates all transactions, and is always pertinent if it relates to the matter in controversy. To be sure, one may sometimes be precluded from establishing such a defense, as where, for instance, the principle of res adjudicata is applicable, but even in such a case it would not be impertinent.

[3] "No matter is to be deemed impertinent which is material in establishing the rights of the parties or ascertaining the relief to be granted." Mechanics' Bank v. Levy, 3 Paige, Ch. (N. Y.) 606; 12 Beav. 44; 10 Sim. 345.

[4] "Scandal is impertinent matter which is also criminatory, or which otherwise reflects on the character of an individual. * * * No matter which is not also impertinence will constitute scandal however strong its aspersions or reflections may be. * * *" 19 Ency Pl. & Pr. 195 et seq. Tested by these rules, it is clear that the exception must be overruled.

The court finds itself somewhat embarrassed in administering appropriate relief by reason of the fact that counsel have ignored the issues raised by the exceptions; i. e., questions of whether the allegations of the answer are impertinent, scandalous, and an insufficient response to the petition. The main question submitted in the briefs is as to the weight to be accorded the judgment as proof of petitioner's

claim, petitioner contending that the judgment is conclusive as to the right as well as the amount of his recovery, and respondents insisting that they are entitled to a hearing de novo on the original cause of action; i. e., that the judgment is not even prima facie evidence in favor of Wilcke. Adhering strictly to the record, an order overruling the exceptions would dispose of all questions properly in issue; but perhaps the court is warranted by this departure from the issues raised by the exception to treat the submission as a demurrer or as the setting of the matter down for argument on petition and answer, and to thus consider the sufficiency as a matter of law of the proposed defense of fraud, which would involve the question submitted as to the conclusiveness of Wilcke's judgment.

[5] Respondents deny the conclusiveness of the judgment against bondholders, certificate holders, and purchasers: (1) Because the decree provides that the court shall determine and fix claims, costs, charges of administration, etc.; (2) because bondholders, certificate holders, and purchasers were not parties to Wilcke's suit, and therefore had no chance to be heard in defense thereof.

The first point may be briefly disposed of by saying that the court may determine, fix, and allow the claim solely upon proof of the judgment, without ignoring these provisions of the decree. The decree does not provide what kind and how much evidence shall be required to convince the court that the claim should be allowed.

[6] As to the second point: Respondents do not contend that the judgment is not entitled to some weight against the receiver. Their contention is that it is of no weight against purchasers, bondholders, and certificate holders.

Now, a receiver is simply a representative of the estate being administered by the court of his appointment. He is an arm of the court—an officer appointed to conserve the property and manage it under the direction of the court for the benefit of all those who may be adjudged ultimately entitled thereto. The receiver's official acts are those of the court, and any liability incurred while in the performance of his judicial duties is a part of the cost of administration, and necessarily given priority over all other classes of creditors. 24 Am. & Eng. Ency. of Law, 31. A suit against a receiver in his official capacity in respect to any act or transaction of his in carrying on the business connected with such property is nothing less than an attempt to establish a liability against assets in his hands. It is idle to say that a judgment in such a suit is conclusive against a receiver in his official capacity, but yet of no weight against those ultimately entitled to those assets. That bondholders and trustees in a foreclosure proceeding are bound by the judgment rendered against the receiver therein in a court of competent jurisdiction, see Turner v. Indianapolis, etc., R. Co., Fed. Cas. No. 14,260. "It is also generally held that the assignee or receiver represents the whole body of creditors, so that all of them are bound by the result of the proceedings by or against him, whether joined as parties or not." 23 Cyc. 1248, and cases cited. The appearance of the receiver, therefore, in the state court proceeding is, in effect, the court's appearance, and binds parties interested

in the receivership proceeding as fully as though the claim was set up and adjudicated against the receiver in the court of his appointment. It is therefore important to consider what weight should be given the judgment as against the receiver.

If respondent's proposition is law, it is pertinent to inquire: What use could there be of ever suing a federal receiver in a state court? Would it not be a waste of time and expense? The statute (Act Aug. 13, 1888, c. 866, § 3, 25 Stat. 436 [U. S. Comp. St. 1901, p. 582]) provides that:

"Every receiver * * * appointed by any court of the United States may be sued in respect to any act or transaction of his in carrying on the business connected with such property, without the previous leave of the court in which such receiver * * * was appointed. * * *"

As stated by Beach on Receivers (Alderson's Ed.) § 721:

"It is apparent that if a judgment against a receiver, when presented to the court having jurisdiction of the receivership proceeding for payment, may be modified, changed, or rejected, the trial of the cause in which it was rendered would be but an empty and useless formality."

And, it may be added, the statute permitting such suit without any meaning, force, or effect—"a very useless act," to use the expression of the court in Dillingham v. Hawk, 60 Fed. 497, 9 C. C. A. 104 (23 L. R. A. 517). "It is presumed that the Legislature intends to impart to its enactments such a meaning as will render them operative and effective," and "when different constructions may be put upon an act, one of which will accomplish the objects of the Legislature and the other render the act nugatory, the former should be adopted," are very elementary maxims of interpretation of statutes which respondent's theory seems entirely to overlook.

There seems to be no reason nor authority for holding that the clause of the statute, "but such suit shall be subject to the general equity jurisdiction of the court in which such receiver * * * was appointed, so far as the same shall be necessary to the ends of justice," means that the solemn adjudication of a state court vested with power and having jurisdiction over parties and subject-matter may be laid aside as of no weight, especially in a case like the one before us, where the receiver under the sanction of the court of his appointment has tested the validity of the judgment by proper proceedings in the highest tribunals of the state. In the first place, the words of the statute are, "such suit shall be subject. * * *" Now after judgment there is no suit to be subject, etc; the cause of action has merged in the judgment, which is a contract of record. In the second place, such suits are only subject to the general equity jurisdiction "so far as the same shall be necessary to the ends of justice," and certainly the ends of justice do not require a hearing de novo after the fact of liability has once been judicially determined by a competent court. The construction of this clause of the statute by the court in Dillingham v. Hawk, supra, "as applying only to suits which seek to interfere with the receiver's possession of property," is a reasonable construction, gives effect to all parts of the statute, and seems to be all that justice requires.

[7] The soundness of the rule that a judgment of a state court having jurisdiction of the parties and subject-matter against a federal receiver in his official capacity in respect of any act or transaction of his in carrying on the business connected with the receivership property is final and conclusive as to the existence and amount of the liability is attested by almost unanimous authority. 34 Cyc. 445; 23 Cyc. 1248; 23 Am. & Eng. Ency. of Law, 1126; Central Trust Co. v. St. Louis, etc., R. Co., 41 Fed. 551; St. Louis S. W. Ry. Co. v. Holbrook, 73 Fed. 112, 19 C. C. A. 385; Jones on Corporate Bonds and Mortgages, § 493a; Beach on Receivers (Alderson's Ed.) §§ 659, 721. In Missouri Pac. R. R. Co. v. Texas & Pacific R. R. Co., 41 Fed. 311, Judge Pardee decided that such a judgment was not conclusive, but later, in the case of Dillingham v. Hawk, supra, concurred in the opinion of the Court of Appeals of which he was a member, thereby reversing his former holding.

Counsel's argument, apparently granting that the judgment may have some weight against the receiver, but denying its conclusiveness against bondholders and others, because, as counsel says, "not one of these persons was a party to Wilcke's suit or judgment," manifestly leads to absurdity. At the time of the alleged injury upon which the judgment here sought to be collected was rendered some one was liable. It certainly was not the holders of receiver's certificates or bondholders, for they were not in possession of the property or in any way responsible for the operation of the road. The purchasers were not yet in existence. A joinder of any of these parties would have been a misjoinder. If respondent's theory is correct, Wilcke, at the time of his injury, faced this dilemma: It was useless to sue the receiver because any judgment he might obtain against him would be of no force or effect as against the assets in the receiver's hands or those to be realized upon foreclosure sale, or, as counsel puts it, not even prima facie evidence against those ultimately entitled thereto. He could not sue bondholders and certificate holders because they were not in possession or control of the road. The purchasers were not yet ascertained. If he did not sue some one, the statute of limitations would run against him. It follows of necessity that the judgment must be of some weight; for, if petitioner is relying upon his original cause of action in disregard of the judgment, his claim is barred by the statute of limitations. But Wilcke's claim herein is not based upon his original cause of action; it is based upon the judgment. If a duly authenticated record of the judgment is not evidence of the judgment and pertinent evidence in support of his petition, how could the claim ever be proved? Surely not by evidence of the injury upon which the cause of action was based, for that cause of action is merged in the judgment.

The cases cited by respondents do not sustain their position. Hassall v. Wilcox, 130 U. S. 493, 9 Sup. Ct. 590, 32 L. Ed. 1001, is clearly distinguishable from this case, in that it was not a suit against a receiver for liability incurred by him while acting in his official capacity. At the time Wilcox obtained his judgment in the state court, the railroad property was not in process of foreclosure and in

the hands of an officer of the court. There the trustees and ·bond-holders were not represented in the suit in which judgment was re-covered. Here they were represented by the court's receiver. The same is true of Central Trust Co. v. Hennen, 90 Fed. 593, 33 C. C. A. 189. The· judgment in that case was against the railroad before the appointment of a receiver, and could not therefore be part of the costs of administration. Central Trust Co. v. Bridges, 57 Fed. 753, 6 C. C. A. 539, likewise was not a suit against a receiver for his official acts in relation to the property. So, also, of Central Trust Co. v. Condon, 67 Fed. 84, 88, 14 C. C. A. 314, and Keokuk & Western R. R. Co. v. Missouri, 152 U. S. 301, 14 Sup. Ct. 592, 38 L. Ed. 450. In short, this distinction seems to run through every authority that . has been cited on behalf of respondents on this question. It will not be presumed that defense to Wilcke's action was not fully and ably presented, and, as said in Central Trust Co. v. St. Louis, A. & T. Ry. Co., supra, "the court .will not entertain the suggestion that its receiver will not obtain justice in the state courts."

[8]. If respondents can produce any clear evidence of fraud or perjury, which by the exercise of due diligence could not have been brought to the attention of the state courts, the matter might be referred on this question only. But such a hearing would not permit a retrial of the cause—the weighing of the same evidence upon which the judgment was based, and the passing anew upon the same questions which were decided by the state courts. Something more than evi-dence merely cumulative to the former evidence, or merely impeach-ing or contradicting the former evidence, must be produced. Unless this can be done the claim must be allowed.