**RAILWAY STEEL SPRING CO. et al. v. CHICAGO & E. I. R. CO. et al.**

**CHICAGO & E. I. RY. CO. v. ATWOOD.**

(Circuit Court of Appeals, Seventh Circuit. April 7, 1926.)

No. 3661.

1. **Judgment** ⊂⇒678(6)—**Provisions of decree for sale in foreclosure requiring purchaser to pay unsettled claims against receiver, but with right to contest such claims, held not to entitle purchaser to contest on merits claim based on judgment against receiver.**

Under a decree of a federal court directing sale of railroad property in foreclosure requiring the purchaser to pay "any unpaid indebtedness and liabilities of the receiver," the amounts unless agreed upon to be fixed and adjudged by the court, for which purpose it retained jurisdiction, with the right in the purchaser to appear and contest any claim existing at the time of sale and then undetermined, the purchaser is not given any better position in respect to such claims than the receiver had at the time of the sale, and, where at that time the receiver had been concluded by the judgment of a state court against him, the purchaser is precluded from again contesting the claim on the merits.

2. **Judgment** ⊂⇒580—**Effectiveness as adjudication not affected by pendency of appeal; "then undetermined."**

Under the law of Indiana, as settled by decision, pendency of an appeal from a judgment does not suspend its effectiveness as an adjudication binding on the parties or render it a question "then undetermined."

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit in equity by the Railway Steel Spring Company and others against the Chicago & Eastern Illinois Railroad Company and others. The Chicago & Eastern Illinois

Railway Company appeals from an order allowing the claim of Laura V. Atwood, administratrix. Affirmed.

By appointment of the United States District Court for the Northern District of Illinois, William J. Jackson as receiver was operating the property of the Chicago & Eastern Illinois Railroad Company. In the course of the receivership, suit was brought against him in the Indiana circuit court by Laura V. Atwood, administratrix, for negligently causing the death of her husband on December 8, 1917, while he was in the employ of the receiver; the suit resulting March 24, 1920, in a judgment against the receiver for $25,000. The receiver prosecuted an appeal to the state Supreme Court, which, on June 29, 1923, affirmed the judgment. Petition for rehearing was filed, and was denied on December 21, 1923.

In the proceedings wherein the receivership was constituted, there was entered a decree of foreclosure against the property of the railroad company, in which it was provided that purchasers of the property shall, as part of the consideration and purchase price therefor, pay, satisfy, and discharge "any unpaid indebtedness and liabilities of the receiver incurred in this cause. * * * "

"The amounts to be paid and received under this article, unless agreed upon by the parties in interest, shall be fixed and adjudged by this court, and this court reserves the right and retains the power and jurisdiction so to do, * * * " and that, if the purchaser shall refuse to pay such indebtedness or liabilities after 20 days' notice to the purchaser, he may petition the court to have the claim enforced against the property sold in accordance with the usual practice of the court, "and such purchaser, his successors or assigns shall have the right to appear and make defense to any claim, debt, or demand or the priority thereof so sought to be enforced, and shall have the right to appeal from any judgment, decree, or order made thereon."

"Any purchaser of the property herein directed to be sold * * * shall have the right to enter his appearance in this consolidated cause, and * * * shall have the right to contest any claim or demand existing at the time of the sale and then undetermined, and any claim or demand which thereafter may arise or be presented which shall be payable by any such purchaser * * * or which shall be chargeable against the property sold to such purchaser in addition to the amount bid at the sale, and

he may appeal from any decision relating to such claim or demand."

Sale under the foreclosure decree occurred on April 16, 1921, and the property was purchased by a purchasing committee. December 9, 1921, the District Court entered a further decree ordering sale of the property to the purchasing committee, and a deed to be made to the Chicago & Eastern Illinois Railway Company, and providing that the deed shall be subject to the terms of the decree of foreclosure. The deed was made accordingly, and afterwards, on June 26, 1922, an order was entered discharging the receiver, the order reciting that the cause is kept open and jurisdiction retained as to all questions reserved by the decree of foreclosure and final decree of sale, "including jurisdiction to ascertain and determine all claims, demands, and liabilities against the said receiver * * * or the railroad and property delivered by said receiver to the assignees of the purchasers thereof, * * * all such claims, demands, and liabilities, if not paid in due course by or in behalf of the Chicago & Eastern Illinois Railway Company, shall be made and presented by intervention in this court and in this cause, for the purpose of being ascertained and determined, and any orders, judgments, or decrees rendered in such proceedings may be enforced and shall be enforced only against the railroad and property delivered by said receiver to said railway company to the same extent and in the same manner as provided in the decree of sale and subsequent decrees relating to said sale. * * * It is further ordered that said Chicago & Eastern Illinois Railway Company shall have the right, if it so elects, at its own cost and expense, to be substituted a party in lieu of the said receiver in all or any litigation by or against said receiver now pending on appeal or otherwise or to continue such litigation in the name of said receiver."

The deed subjects the railway company to the conditions of the foreclosure, and to the condition of paying "any unpaid indebtedness and liabilities of the receiver incurred in said consolidated cause or in any of the constituent causes in the management or the operation of the property, * * * and otherwise in the discharge of his debts as receiver of said property between May 17, 1913, the date of his appointment, and the date of delivery by the receiver of possession of said property."

An order of June 26, 1922, discharging the receiver, required intervening claims to

be filed on or before September 30, 1922, and on September 1, 1922, appellee filed her petition setting up her judgment recovered in the state court. Upon affirmance of her judgment by the Supreme Court of Indiana, she filed her supplemental petition setting up that fact. Thereupon appellant filed an amended answer setting up substantially the foregoing facts and then setting up a state of facts tending to show that receiver was guilty of no negligence whereby the death of appellee's deceased was caused, and that appellee upon the merits had no claim whatever against the receiver or against appellant. It was moved for appellee to strike out this part of appellant's amended answer and the District Court accordingly ordered it stricken and ordered the allowance of appellee's claim upon the judgment for the amount thereof and interest at legal rate from date of its rendition, and costs, in all $33,104.

Fred H. Kelly, of Mattoon, Ill., for appellant.

Moses B. Lairy, of Indianapolis, Ind., for appellee.

Before ALSCHULER, PAGE and ANDERSON, Circuit Judges.

ALSCHULER, Circuit Judge (after stating the facts as above). [1] The only question involved is as to the conclusiveness of the judgment of the Indiana state court; appellant contending for the right to defend upon the merits of the original claim. The right of the claimant to proceed in the state court against the receiver, and the conclusiveness upon the receiver of any judgment there rendered, is freely conceded. But it is contended that, under the terms of the decree and sale, the purchaser thereunder is entitled to make the asserted defense.

We find no authority for the contention that a purchaser under a decree of this nature is in any different or better position than was the receiver at the time of the sale. That he is not was squarely so held in an apparently well-considered opinion in the same district, Manhattan Trust Co. v. Chicago Electric Traction Co. (C. C.) 188 F. 1006. An earlier decision in the same court (Guaranty Trust Co. v. Chicago Union Traction Co. [C. C.] 175 F. 284), cited by appellant to the contrary, is not upon its facts in conflict, since the state court judgment there in question had not been rendered at the time of the foreclosure sale.

In appellant's reply brief it is stated that "the Supreme Court of the United States has never squarely decided the question here involved." The cases from that court, which appellant cites as tending to support the principle it contends for, are not in our judgment applicable.

[2] Appellant bases an argument on the clause of the decree which gives purchaser "the right to contest any claim or demand existing at the time of the sale and then undetermined," insisting that, since at that time the appeal from the circuit court judgment was pending, the claim was "then undetermined." Definitions and academic refinements are resorted to in appellant's brief in support of the proposition that, owing to the pendency of the appeal, the cause was "then undetermined." We are of opinion that the finality of the state court judgment as an adjudication of the merits of the case was not affected by the appeal. That, in any event, this is the law respecting Indiana judgments is apparent from what the Supreme Court of that state said in Waring v. Fletcher, 152 Ind. 620, 630, 52 N. E. 203, 207:

"In this state an appeal to the Supreme or Appellate Court, without filing an appeal bond, does not, as in some states, suspend the judgment from which the appeal is taken; nor does the filing of an appeal bond suspend the operation of such judgment except that it stays execution thereon. For all other purposes, the judgment appealed from, even if an appeal bond is filed, is as effective and binding upon the parties as if no appeal had been taken"—citing a number of Indiana decisions.

Language somewhat similar was employed in the later case of Hoyle et al. v. Stellwagen et al., 30 Ind. App. 674, 66 N. E. 910, wherein the Waring-Fletcher Case was cited.

To deny appellant the right to interpose a defense upon the merits of the original cause in no manner transgresses that part of the decree which provides that the purchaser shall have the right to appear and make defense to any claim, debt, or demand. It had the undoubted right to defend against any such claim, and, where the merits had not theretofore been determined, to resist upon any and all grounds which the receiver, if then in authority, might have urged. In a claim not then reduced to judgment it might resist upon the merits; if in judgment it might still resist upon any grounds whereon judgments might be attacked—want of jurisdiction, existence of the judgment might be denied, its payment or release asserted, the contention of fraud in its procurement in-

terposed, in short, any defense proper to be made to such a claim the decree was preserved in the purchaser. But we cannot see that it undertook further to extend the purchaser's privileges, and give it immunities which the receiver himself would not have had but for the sale. The District Court did not deprive the purchaser of the right to assert any defense to this claim which was proper to be made.

There is here no element of surprise or of innocent purchase, if indeed this could in any way affect the matter. Evidently this was a purchase by a rail*way* company of the property of a rail*road* company of otherwise same name, through the agency of a previously constituted "purchasing committee," whose ignorance of such an outstanding judgment would have involved the grossest of negligence, not lightly to be attributed. It is also apparent that appellant took part in the proceedings in the state courts to the extent of petitioning the Supreme Court for a rehearing, at a time when it alone was empowered to act in the name of the receiver who had long theretofore been discharged.

We conclude that the District Court properly struck out of appellant's answer those parts which set up a defense upon the merits of the original demand, and its decree is accordingly affirmed.