P. H. JACKSON et al. v. MILTON HUTTON.

Middle Section. June 18, 1932.

Petition for Certiorari denied by Supreme Court, December 17, 1932.

J. T.. Raulston, of South Pittsburg, for appellants.
Tom Kelly, of Jasper, for appellee.

FAW, P. J.   This is a suit brought by P. H. Jackson originally and then by an "original bill in the nature of a supplemental bill" filed by P. H. Jackson and Jess Morrison, to restrain Milton Hutton from obstructing a roadway in Marion County, known in the record as the "old road," in order to distinguish it from the present State Highway northward from the town of Victoria, which last mentioned road is known in the record as the "new highway."

Defendant Hutton admitted in his testimony that he was engaged in building a fence across the old road, with the purpose of permanently obstructing it, when the original bill in this case was filed, and he asserted below, and is insisting here, (1) that the old road had been abandoned and discontinued as a public road, and (2) that complainants have no easement in the old road as a way of ingress and egress appurtenant to their lands abutting thereon.

The contentions of defendant Hutton just stated were sustained by the learned Chancellor, and complainants' suit was dismissed at their cost, whereupon complainants undertook to perfect an appeal, but, conceiving that their appeal was defective, complainants filed the record for writ of error, accompanied by an approved bond, and the cause is before us for disposition under the writ of error, and, as the case was prepared and heard in the Chancery Court according to the

forms of chancery practice, it is triable de novo in this court. Hibbett v. Pruitt, 162 Tenn., 285, 36 S. W. (2d), 897; Fonville v. Gregory, 162 Tenn., 294, 36 S. W. (2d), 900; Code of Tennessee (1932), sec. 10622.

In the year of 1925, the State Highway known as the Dixie Highway was relocated on a new right of way from the town of Victoria in Marion County northward to a junction with the old road at a point known in the record as the "Holloway Place." The section of the new highway as thus relocated is practically straight and lies east of the old road. The distance from Victoria to the Holloway Place, by the old road, is 506 poles, or a little more than a mile and one-half. Complainant Jackson and defendant Hutton each owns and occupies a farm of considerable area intersected by the old road and the new highway. The residence of each is situated on the west side of the old road. The south boundary line of Hutton's farm is 72 poles north of the point of divergence of the new highway from the old road at Victoria, and Hutton's farm abuts on both sides of the old road for a distance of 148 poles and 2 links. The farm of Will Lay adjoins the north side of Hutton's farm and abuts on both sides of the old road for a distance of 92 poles and 7 links. The farm of complainant Jackson is immediately north of, and adjoining, the farm of Will Lay and abuts on both sides of the old road for a distance of 136 poles. The farm of George Lewis lies immediately north of the farm of complainant Jackson and abuts on both sides of the old road from Jackson's farm to the Holloway Place—a distance of 58 poles. The farm of complainant Jackson and that of defendant Hutton, respectively, extends to and across the new highway.

Complainant Jess Morrison owns a tract of land, estimated to contain somewhere from fifteen to twenty-five acres, lying between the old road and the new highway, and extending from one to the other. At the time complainant Morrison gave his deposition in this case there was no dwelling house on his said land, but he was preparing to build one thereon (about midway between the two roads) and at that time had the lumber for that purpose on the site.

At the time defendant Hutton was restrained by the temporary injunction granted in this case, he was building a fence across the old road at the point where the northern boundary line of his farm crosses the old road. It was not his purpose to obstruct the old road from his residence southward to Victoria, but it was, and is, his purpose to close that part of the old road which passes through his farm in such way as to prevent travel thereon by persons coming from the north of his farm—the necessary effect of which would be to deprive the complainants of the use of the old road as a way of travel from their said lands to Victoria, where complainant Jackson's children attend school and he and his family at times attend church,

and to which place and beyond he and his family go frequently for business or social purposes.

The distance from the old road to the new highway immediately in front of complainant Jackson's residence is 46 poles, and the distance at the point of greatest divergence is a little more than 68 poles. This latter point is at or near the place where defendant Hutton was obstructing the old road when enjoined.

The aforesaid land now owned by defendant Hutton was owned by the Tennessee Coal, Iron & Railroad Company when the new highway was located and constructed in 1925, and the Tennessee Coal, Iron & Railroad Company conveyed to Marion County, by deed dated April 8, 1925, a right of way 60 feet wide through said land: and the last paragraph of the same instrument (preceding the testimonium clause) is in these words:

"And in consideration of the premises and of the foregoing conveyance from the Tennessee Company, the County hereby grants and conveys unto the Tennessee Company such rights of way now or formerly used for public road or roads and which have or may be abandoned as a result of the change in the location of the said road through the property of the Tennessee Company situated in the vicinity of Victoria, Marion County, Tennessee; and TO HAVE AND TO HOLD the same unto the Tennessee Company, its successors and assigns, forever."

The name of Marion County was signed to said deed by the County Judge and the Chairman of the Road Commission of said County, and they acknowledged same for registration before a Notary Public.

Pursuant to a petition filed by defendant Hutton after the original bill was filed in this case, S. L. Rogers, Commissioner of the Upper Road District of Marion County, and two freeholders of said Road District associated with the Commissioner—all presumably undertaking to act by authority of sec. 1623, Shan. Code—viewed the premises and reported as follows:

"We, S. L. Rogers, Commissioner of the Upper road district of Marion County, Tennessee, and Dave Webb and Spencer Cannon, both freeholders of said district, being a jury of view to act in the matter of the petition of W. M. Hutton for the closing of a strip of road in said district near Victoria, and to assess damages to affected parties—the landowners and those controlling lands touching said strip of road—namely P. H. Jackson, Will Lay and George Lewis; and after having been over the road and viewing the premises affected, hearing oral proof of the parties appearing, on oath do find that the public would not be injured by the closing of said strip of road and, furthermore, we find no damages to the said P. H. Jackson,

Will Lay and George Lewis by reason of the closing of said road.

"This the 13th day of April, 1931.

"S. L. Rogers
"Spencer Cannon
"Dave Webb

"The strip of the old road in the upper road district of Marion County, Tennessee, leading from the Victoria school house by way of petitioner, P. H. Jackson, and Geo. Lewis, is now abandoned and the same may be closed by W. M. Hutton at his northernmost boundary, at the line between him and Will Lay.

"This April 13, 1931.

"S. L. Rogers."

The learned Chancellor held and decreed, as we read his opinion and decree, that the aforesaid report and order of the Road Commissioner and two freeholders was void and of no effect, at least as against complainant Morrison who had no notice as required by sec. 1621, Shan. Code. On this point, the decree of the Chancellor is not attacked, as defendant Hutton did not appeal and has not assigned errors. Hence, without discussion, we accept the Chancellor's decree as conclusive in this respect, but with the added suggestion that even though notice had been served on all interested parties, nevertheless the attempt of the Commissioner to authorize defendant Hutton to close the old road was beyond his power and void if either of the complainants had an easement in the old road as a way of access appurtenant to his lands.

The Chancellor held (mainly upon the authority of the case of State v. Taylor, 107 Tenn., 455, 64 S. W., 766) that the aforesaid deed of April 8, 1925, purporting to grant and convey to the Tennessee Coal, Iron & Railroad Company the right of way in the public road or roads in the vicinity of Victoria which were "abandoned" as a result of the change in the location of the highway, while unauthorized in law and ineffective to pass title, operated in legal effect and in fact as an "abandonment" of the old road as a public highway.

The deed involved in State v. Taylor, supra, was executed pursuant to authority emanating from the Board of Mayor and Aldermen of the Municipal Corporation of Union City, which municipality had charter power to "abolish," or abandon and discontinue, streets; but no such power is lodged in the County Judge and Road Commissioner of a County by our statutes, and unless they had power to discontinue public roads, it may well be doubted whether they could execute a deed, in the name of the County or otherwise, which would operate as an abandonment of the public easement in a road.

Ledbetter v. Turnpike Co., 110 Tenn., 92, 73 S. W., 117; Blake v. Skelton, 5 Tenn. App. R., 539, 551, and cases there cited.

However, the appellants state in their brief that "the old road has been abandoned as a public road," and their main contention is that the decree of the Chancellor is erroneous insofar as it is thereby adjudged that complainants have no easement in the old road, as a way of ingress and egress, appurtenant to their premises abutting thereon.

Until the aforementioned relocation in the year of 1925, the old road here in question was a part of the principal public highway leading up and down the Sequatchie Valley, and had been used as such public highway for at least sixty years, and probably many years more.

Complainant Jackson has owned and occupied his said property abutting on the old road since 1893 or 1894, and it was owned and occupied by his father from the year of 1870 down to the time it passed to complainant Jackson as aforesaid, throughout which period they and their families, servants, tenants and visitors have used the old road as a passway without let or hindrance.

Whatever may have been the legal consequence of the things done by the officers of Marion County with the purpose of discontinuing the old road as a public highway, it is quite apparent that it was their intention to substitute the new highway for the old road and to relieve the County of the obligation to maintain the old road as a public highway; but, assuming that there was an abandonment of the old road as a public highway, it did not, and could not, affect the private right of the complainants, as abutting landowners, to an easement of access to their premises over the old road. Anderson v. Turbeville, 6 Cold., 150, 157-8; Hill v. Hoffman (Tenn. Chy. App.), 58 S. W., 929, 932; Blake v. Skelton, supra, p. 553; State v. Taylor, supra, p. 467; Central Trust Co. v. Hennen, 90 Fed., 593, 33 C. C. A., 189, 192; Van Buren v. Trumbull, 92 Wash., 691, 159 Pac., 891, L. R. A., 1912-A, 1120; 19 C. J., 'p. 933; 29 C. J., p. 534.

The sole interest that Marion County now has in the old road is that the County be relieved from the expense of keeping it in repair; and the County, as the representative of the public, is not interested in having the old road obstructed. Defendant Hutton, not Marion County, is endeavoring to appropriate to his own use the private property of the complainant, viz: the easement which complainants acquired in the old road as an appurtenance to their land. It is, therefore, no sufficient answer to the suit of complainants to say that complainants would be entitled to recover damages if the obstruction of the old road injured them in their property rights. Neither do we think that complainant Jackson can be lawfully deprived of the easement which he has acquired in the old road, as an

appurtenance to his premises, merely because his land extends to the new highway, and he could, at great expense to himself, build a road across his field—a distance of 46 rods—to reach the new highway.

It results from the views we have stated that the decree of the Chancery Court dismissing the suit of complainants is reversed, the bill of complainants is sustained, and a perpetual injunction will be granted enjoining and prohibiting defendant Hutton from obstructing said old road, and from in any way interfering with the full and free use of same as a way of ingress and egress to and from the premises of the complainants.

The costs of the cause, including the costs of the appeal, will be adjudged against the defendant Hutton.

Crownover and DeWitt, JJ., concur.